**CORPUS CHRISTI NATIONAL BANK, Appellant,**

v.

**Samuel D. LOWRY, Appellee.**

**No. 13–82–209–CV.**

Court of Appeals of Texas, Corpus Christi.

Nov. 10, 1983.

Rehearing Denied Jan. 12, 1984.

Todd A. Hunter, Corpus Christi, for appellant.

Jack E.A. White, Corpus Christi, for appellee.

Before YOUNG, KENNEDY and GONZALEZ, JJ.

## OPINION

YOUNG, Justice.

The trial court's judgment awarded Samuel D. Lowry $5,000.00 which had been found by the jury to have been wrongfully paid out of Lowry's savings account to an unauthorized third party by the Corpus Christi National Bank. The trial court also denied Lowry's claim for exemplary damages. Both parties appeal. We affirm.

The jury found, among other things, that Lowry should be awarded $8,500.00 exemplary damages plus interest lost on the initial $5,000.00. In answer to the other special issues the jury found, generally, that the Bank, without properly identifying the man, and without proper authorization, delivered $5,000.00 to someone other than Lowry. The jury also found that this action constituted a total disregard of Lowry's right to the $5,000.00. The Bank filed a motion for judgment non obstante veredicto to challenge the special issues which enabled the jury to find actual and exemplary damages and a motion on judgment to disallow the jury award of exemplary damages. The trial judge partially granted the Bank's motions by awarding Lowry ac-

tual damages of $5,000.00 plus interest and disallowing the exemplary damages. In this appeal the Bank seeks to void the jury award of actual damages while Lowry seeks to reinstate the exemplary damages.

The Bank argues, in four points of error, that the trial court erred in overruling the Bank's motion on judgment and motion for judgment non obstante veredicto "in that there was no jury finding of $5,000.00 in damages"; "in that Special Issue No. 3 submitted to the jury is improper because it asks the jury to make a legal conclusion as to what is proper authorization for delivering funds to a third person"; "in that the question of appellant's liability is based in law not in fact"; and "in that no issues remained to be submitted to the jury." Lowry, in a single point of error, contends that "the trial court erred in refusing to enter judgment for exemplary damages, pursuant to the jury's verdict."

Neither party disputes that Lowry signed a savings withdrawal receipt for the sum of $5,000.00 or that a Bank employee determined and wrote Lowry's savings account number on Lowry's savings withdrawal request slip before the Bank employee released the $5,000.00. The person withdrawing the money did not present Lowry's savings passbook to the bank. Other facts are disputed.

Lowry testified that he was forced, at gunpoint, to drive two strangers, he characterized as a "colored fellow" and a "Mexican man", to the Bank, and that the black man went inside the Bank, and returned to the car with one of the Bank's general savings withdrawal request slips. Then Lowry testified that the two strangers forced him to fill out the withdrawal request for $5,000.00 and to sign it; that Lowry could not remember his savings account number and so left the space blank; that the Mexican man remained with him while the black man took the savings withdrawal slip and Lowry's identification into the Bank; that the black man returned to the car with the $5,000.00; and that the two strangers then left the area on foot. Lowry further testified he next returned home,

and his wife immediately notified the Flour Bluff police who investigated the incident the next day. Lowry testified he first told the Flour Bluff police that he had been robbed, but later told a Corpus Christi policeman the full story.

The Bank contests this testimony. Mrs. Lopez, one of the Bank's tellers, testified that the Bank's procedure required her to verify any withdrawer's identity by checking the withdrawer's personal identification or comparing the signature on the withdrawal document with the signature on the withdrawer's signature card. Lopez insisted that she usually used both methods. She testified that she recognized Lowry when he entered the Bank, that she saw Lowry's driver's license, and that she did not write the license number on the withdrawal slip. She further testified she looked up Lowry's savings account number, entered this number incorrectly on the withdrawal slip, and later corrected the error. Lopez also testified that she watched Lowry sign the savings withdrawal slip, that she sent the slip to another employee for signature verification, and gave Lowry $5,000.00. Lopez further stated that she mistakenly told the investigating police officer that a black man had received the money. She explained that she was quite nervous when she gave the officer her incorrect statement, but that she quickly realized that Lowry, rather than a black man, received the money.

We will first consider Lowry's single contention that the trial court erred in refusing to enter the $8,500.00 in exemplary damages according to the jury's verdict. The trial judge granted the Bank's motion for judgment non obstante veredicto regarding exemplary damages but did allow Lowry $5,000.00 actual damages plus interest.

In reviewing a trial court's action on a motion for judgment non obstante veredicto, we must consider all testimony in light most favorable to the party against whom the motion is sought and every reasonable intendment deductible from evidence is to be indulged in that party's favor. *Dowling v. NADW Marketing, Inc.,*

631 S.W.2d 726 (Tex.1982). Exemplary damages may be awarded only if there is evidence of acts wantonly and maliciously done with intent to injure the complaining party or with a reckless disregard of the injurious consequences of his act to others. *Kilgore Federal Savings and Loan Assoc. v. Donnelly,* 624 S.W.2d 933 (Tex.App.—Tyler 1981 writ ref'd n.r.e.).

■ Lowry argues that the Bank's refusal to return or replace the $5,000.00 constitutes malice, wilfulness and wantonness, and permits exemplary damages. Lowry cites conversion cases to exemplify situations which justify exemplary damages. *Norton Refrigerated Express, Inc. v. Ritter Brothers Co., Inc., et al.,* 552 S.W.2d 910 (Tex.Civ.App.—Texarkana 1977, writ ref'd n.r.e.); *Rodman Supply Co. v. Parker,* 363 S.W.2d 838 (Tex.Civ.App.—El Paso 1962, writ ref'd n.r.e.). The present case does not include the aggravating circumstances which were present in the cited cases. The evidence shows at most that the Bank's employees acted carelessly or negligently in paying Lowry's funds to a third party. We hold that the evidence does not support a finding of wilfulness, wantonness or malice. Lowry's point of error is overruled.

■ In its first point, the Bank complains that the jury made no specific finding of $5,000.00 in actual damages. Neither party here disputes that the Bank's teller released to someone $5,000.00 out of Lowry's savings account and refused to replace the money. The *someone* is what is disputed, not the amount of $5,000.00. In that regard, a trial court is not required to submit an issue on an undisputed fact. *Hughett v. Dwyre,* 624 S.W.2d 401, 403 (Tex.App.—Amarillo 1981, writ ref'd n.r.e.). See Tex.R.Civ.P. 277 and 279.

■ The evidence supports the jury findings that the Bank's teller released the $5,000.00 to a black man rather than to Lowry; that the Bank's teller did not properly identify the black man; and that the Bank was not authorized to release the $5,000.00. We hold that the trial judge correctly awarded the amount of $5,000.00 in actual damages plus interest. The Bank's first point is overruled.

In its second and third points of error the Bank asserts that, "Special Issue No. 3 submitted to the jury is improper because it asks the jury to make a legal conclusion as to what is proper authorization for delivering funds to a third person" and that "the question as to appellant's liability is based in law not in fact." Special Issue No. 3 reads: "Do you find from a preponderance of the evidence that Mrs. Lopez (the bank teller) had proper authorization from Mr. Lowry to deliver the black man the $5,000.00?" The jury answered, "We do not."

The Bank argues that the Rules and Regulations Governing Savings Accounts which were printed in Lowry's savings passbook determine the Bank's requirements for releasing a depositor's money. Rule 6 is especially significant:

"Withdrawals of deposits, and the interest thereon, may be made by a depositor personally, or by another person holding a written order or power of attorney of the depositor, duly authenticated and in form acceptable to the bank's attorneys."

From this the Bank reasons that the signed savings withdrawal request by Lowry authorized it to release the $5,000.00 to any third party who presented this document, that the Bank's releasing funds to a party was not evidence of its liability, and that the proper question was whether the savings withdrawal request was the proper instrument containing the necessary provisions to authorize releasing the money.

■ A jury may not be called upon to construe the legal effect of an instrument, but the jury may properly resolve ambiguous intent. *Trinity Universal Ins. Co. v. Ponsford Bros.,* 423 S.W.2d 571 (Tex.1968). The trial evidence concerned the events surrounding the Bank's releasing the $5,000.00. The evidence indicates that "authorization" in Special Issue No. 3 reasonably refers to the factual determination of the Bank's due care in releasing the $5,000.00. If "authorization" refers to Rule 6 the question is whether the submission of this issue harmed

the Bank. Appellate courts are not permitted to reverse a judgment and order a new trial unless they are of the opinion that the error of the trial court amounted to such a denial of the rights of appellant as was reasonably calculated to, and probably did, cause the rendition of an improper judgment. Tex.R.Civ.P. 434; *Holmes v. J.C. Penny Co.,* 382 S.W.2d 472 (Tex.1964). For us to assume that Special Issue No. 3 was a question of law that required overruling the judgment, we would have to accept the Bank's argument that a "savings withdrawal request" printed with the word "Nonnegotiable", and with the account number omitted, as a matter of law, constitutes "an order or power of attorney acceptable to the bank's attorneys." Neither the record nor the Rules and Regulations Governing Savings Accounts established this proposition as a matter of law. Facts we have previously noted are sufficient to support the verdict. We overrule the Bank's second and third points.

In its fourth, the final, point, the Bank contends that "the trial court erred in overruling appellant's motion for judgment and motion for judgment non obstante veredicto in that no issues remained to be submitted to the jury." Appellant contends that the issue of actual damages was never submitted to the jury or awarded by the jury. Appellant argues that without the damage issue the judgment does not conform to the pleadings. In light of our holding elsewhere in this opinion that the trial court properly awarded actual damages, we overrule this point of error.

The judgment of the trial court is affirmed.