**Billy J. JACOBS, et al., Appellants,**

v.

**Ann JACOBS, Appellee.**

No. 9177.

Court of Appeals of Texas, Texarkana.

Feb. 14, 1984.

Rehearing Denied April 3, 1984.

Waggoner Carr, Austin, Ken E. Mackey, Corpus Christi, for appellants.

J.G. Adami, Jr., Perkins, Oden, Warburton, McNeill & Adami, Alice, for appellee.

BLEIL, Justice.

Billy Jacobs and his mother, Adele Jacobs, appeal the trial court's judgment awarding Ann Jacobs an undivided one-half interest in land in Hays County. Ann Jacobs prevailed based upon a fraudulent conversion of community assets during the pendency of divorce proceedings in New Mexico. We affirm.

In 1943 Billy Jacobs' mother, Adele Jacobs, purchased the 172 acres in controversy. In 1946 Ann and Billy Jacobs married. In 1954 Billy received a loan from the Texas Veterans Land Board to purchase the 172 acres from his mother. The Veterans Land Board paid Adele Jacobs for the land and took legal title, subject to a contract of sale and equitable title in Billy Jacobs. Adele Jacobs made the payments on the contract of sale.

In 1973 Billy Jacobs filed for divorce against Ann Jacobs. In September 1976, during the pendency of that proceeding, Billy Jacobs, without Ann Jacobs' knowledge, assigned his contract for deed to the 172 acres to his mother. After the assignment, Adele Jacobs paid the balance due the Veteran's Land Board. She then presented the assignment and acquired a deed from the Veteran's Land Board. Ann Jacobs did not learn of this assignment until November, 1976. When the New Mexico court granted the divorce the parties' interest in the land was not divided.

 Billy and Adele Jacobs argue that the jury's answers to the special issues do not support the judgment in this case. The trial court has considerable discretion in submitting special issues to the jury. Tex. R.Civ.P. 277; *Wood v. Texas Farmers Ins. Co.*, 593 S.W.2d 777 (Tex.Civ.App.—Corpus Christi 1979, no writ). The trial court by its special issues, asked the jury to find whether Ann Jacobs knew of an agreement, if any, between her husband and mother-in-law that title to the property would be reconveyed to Adele Jacobs when the debt to the Land Board was fully paid. The jury failed to find that there was such an agreement or that, if so, Ann Jacobs had knowledge of it. Additionally, the jury found that the assignment from Billy Jacobs to his mother was completed with the intent to deprive Ann Jacobs of her interest in the 172 acres. We conclude that the express and implied jury findings together with the undisputed facts sufficiently support the judgment. *Horlock v. Horlock*, 533 S.W.2d 52 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ dism'd).

 Next appellants maintain that the trial court erred in refusing to submit a requested issue on adverse possession. The court properly refused this submission because no evidence raises the issue. *Burke Wiley, Inc. v. Lenderman*, 545 S.W.2d 226 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ ref'd n.r.e.). No evidence shows that Adele Jacobs adversely possessed any land.

We affirm the trial court's judgment.