**GETTY OIL COMPANY, Appellant,**

v.

**BLEVCO ENERGY, INC., Appellee.**

**No. 11–86–167–CV.**

Court of Appeals of Texas,
Eastland.

Dec. 18, 1986.

Rehearing Denied Jan. 22, 1987.

Tom Bankhead, Bankhead, Davis & Davidson, Carthage, for appellant.

Ron Adkison, Wellborn, Houston, Adkison, Mann & Sadler, Henderson, for appellee.

## OPINION

DICKENSON, Justice.

Blevco Energy, Inc. sued Getty Oil Company, alleging that Getty breached a "farmout" agreement under which Blevco would have been entitled to assignments of certain oil, gas, and mineral leases. Following a jury trial, judgment was rendered for Blevco in the sums of $2,000,000 for actual damages and $4,000,000 for punitive

**1.** This appeal was transferred from the Tyler Court of Appeals to this Court on June 17, 1986.

damages. Getty appeals. We reverse and render.[1]

The jury's verdict may be summarized as shown:

1. Getty and Blevco "agreed in writing for Getty to farmout to Blevco the oil and gas under the acreage in question."

2. Getty has breached the agreement.

2A. The breach by Getty prevented Blevco from fulfilling its drilling obligation.

3. The sum of $1,000,000 would fairly and adequately compensate Blevco for its damages from the loss of production, past and future, from the Tyer # 1 Well and the additional sum of $1,000,000 would fairly and adequately compensate Blevco for its damages from loss of production from all other acreage in the initial proration unit.

4. The actions of Getty in breaching the farmout agreement "were the result of wanton, reckless or malicious conduct such as to show a conscious indifference to the rights of others."

5. The sum of $4,000,000 should be awarded as exemplary damages.

6. Getty reasonably expended $610,-787 to drill the L.D. Tyer Number 1 oil well.

7. Getty did not drill the L.D. Tyer Number 1 oil well under the reasonable belief that it had a right to do so.

8. The reasonable operating cost of the L.D. Tyer Number 1 oil well to the date of trial is $11,000.

Getty presents 21 points of error. Points two and eleven are dispositive, and the other points will not be discussed.

■ In its second point of error, Getty argues that the affirmative finding of the jury to Special Issue No. 1 [that Getty Oil Company and Blevco Energy, Inc. agreed in writing for Getty to farmout the oil and gas under the acreage in question] as a matter of law is supported by no evidence. We agree.

See TEX. GOV'T CODE ANN. sec. 73.001 (Vernon Pamph.1986).

Blevco's claims are based upon the following letter which is set forth in full:

February 1, 1983

Blevco Energy
101 Temple Blvd.
Suite 3
Lufkin, Texas 75901
Attention: Ms. Kay Williamson

RE: Farmout Request

West Stockman Area

Nacogdoches County, Texas

Dear Ms. Williamson:

In reference to your letters dated December 28, 1982 and January 28, 1983, please be advised that Getty Oil will farmout to Blevco Energy, *providing a mutually acceptable agreement can be reached,* any Getty acreage included in the initial unit subject to a 8,000′ Pettet Test. Getty Oil Company will retain an ORRI equal to the difference between 25% and present burdens, optionally convertible at well payout to a proportionate 25% working interest. (Emphasis added)

As to the balance of our acreage not included in the initial unit Getty will retain the option to either join or farmout on a well-by-well basis. In the event we elect not to join then the terms used on the initial unit will apply to any subsequent unit.

Should you need any additional information, please advise.

Very truly yours,
GETTY OIL COMPANY
Cornell Dove

CD/jg

Blevco's letter of December 28, 1982, contained the same reference ["Farmout Request, West Stockman Area, Nacogdoches County, Texas"] and stated:

Pursuant to our telephone conversation, I am formally requesting that our previous farmout request be revised as follows:

1) To enter into a five well optional continuous development program with Grace Petroleum and Blevco Energy.

Each well would be allowed 45 days to drill and 30 days between well, and each well would be drilled to a depth of 8000′ or a depth sufficient to test the Pettet formation, whichever is lesser, and each well earn all rights in its unit from the surface to 100′ below the depth drilled.

2) A map prepared by Grace of the proposed units is enclosed for your review.

3) The first well to be commenced on or before February 15, 1983.

4) The following terms are acceptable:
a) Getty to deliver Blevco a 75% Net Revenue Interest lease with the option to convert that Overriding Royalty Interest held to 25% of the total Working Interest after payout.

Your timely consideration of this proposal is appreciated.

The map enclosed with this letter does not have metes and bounds descriptions, and it does not clearly show what acreage is to be committed to each of the units. See and compare *U.S. Enterprises, Inc. v. Dauley,* 535 S.W.2d 623 at 628 (Tex.1976). There is no description of the oil, gas, and mineral leases which are to be assigned in connection with the farmout agreement.

Blevco's letter of January 28, 1983, contained the same reference as the other two letters ["Farmout Request, West Stockman Area, Nacogdoches County, Texas"] and stated:

I am needing a letter of intent on the above program with Grace Petroleum Company to finalize our program.
Thank you.

The record also shows that Blevco had written Getty on December 13, 1982, concerning its farmout request on the "West Stockman Area" and stating:

Grace Petroleum would be the operator and would need authority to select drill site and unit design for a pettit (sic) test.

Getty's letter of February 1, 1983, does not show that it had agreed to the initial drill site and unit design for the test well; rather, it advised that Getty "will farmout to

Blevco Energy, providing a mutually acceptable agreement can be reached, any Getty acreage included in the initial unit." The initial unit where the test well was drilled did not include any Getty acreage.

In discussing the Statute of Frauds, TEX.BUS. & COM.CODE ANN. sec. 26.01 (Vernon Supp.1986), *Cohen v. McCutchin,* 565 S.W.2d 230 at 232 (Tex.1978), states:

> This statute requires that, with respect to the agreements defined therein, there must be a written memorandum which is complete within itself in every material detail, and which contains all of the essential elements of the agreement, so that the contract can be ascertained from the writings without resorting to oral testimony.

See also *Westland Oil Development Corporation v. Gulf Oil Corporation,* 637 S.W.2d 903 at 910 (Tex.1982):

> When resort to extrinsic evidence is proper, it should be used only for the purpose of identifying the land with reasonable certainty from the data in the memorandum, and not for the purpose of supplying its location or description.

The writing signed by Getty's employee [the letter dated February 1, 1983] is not complete within itself [not even if the Blevco letters of December 28 and January 28 are incorporated therein by the reference], and it does not contain all of the essential elements of the agreement. Moreover, that letter only obligated Getty to assign its acreage in the initial unit, and none of the Getty acreage was included in the unit around the test well drilled, that being the initial unit. Further, Getty's letter was subject to a "mutually acceptable agreement" with reference to the details of the agreement, such as the location of the test well and the acreage to be included in the initial unit.

 In its eleventh point of error, Getty argues that the trial court erred in awarding judgment of $4,000,000 for punitive damages because "as a matter of law, exemplary damages cannot be awarded for breach of contract." We agree. See *Jim Walter Homes, Inc. v. Reed,* 711 S.W.2d 617 at 618 (Tex.1986); *Bellefonte Underwriters Insurance Company v. Brown,* 704 S.W.2d 742 at 745 (Tex.1986); *Amoco Production Company v. Alexander,* 622 S.W.2d 563 at 571 (Tex.1981).

Points two and eleven are sustained.

The judgment of the trial court is reversed, and this Court renders judgment that Blevco Energy, Inc. take nothing by its suit.