**HARRIS COUNTY, Texas, Appellant,**

v.

**Robert J. BRUYNEEL, Appellee.**

No. C14–89–00291–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 15, 1990.

S. Tanner Garth, Houston, for appellant.

Charles W. Hurd, III, Frank E. Sanders, W.D. Bonham, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

### OPINION

ELLIS, Justice.

This is an appeal from a judgment entered in a personal injury action tried to a jury. Robert J. Bruyneel filed suit against Harris County for personal injuries sustained when Bruyneel was thrown from a bicycle into a drainage ditch. The jury found Harris County 80% negligent for failing to keep a barricade in place at the end of the road. Bruyneel was found 20% negligent. We affirm.

Appellant, Harris County, assigns six points of error on appeal. In its first three points of error, appellant submits the trial court erred in (1) denying and refusing to submit Harris County's requested instruction to the jury in accordance with TEX.REV. CIV.STAT.ANN. art. 6701d § 184(a) that every bicycle in use at night shall be equipped with a light; (2) in denying and refusing to submit Harris County's requested instruction to the jury that a person riding a bicycle is subject to the duties applicable to the driver of a vehicle as provided by TEX. REV.CIV.STAT.ANN. art. 6701d § 184(a); (3) in failing to include Harris County's requested issue number one in the Court's charge inquiring whether Bruyneel was negligent in failing to have a light on the front of his bike and, if so, whether such negligence was a proximate cause of the occurrence in question. In its fourth point of error, appellant urges there is no evidence to support the jury's finding in question 6(d) that Robert Bruyneel was not negligent in failing to turn to the left or the right to avoid going into the bayou and that such failure was not a proximate cause of the occurrence. By its fifth and sixth points of error, appellant argues insufficiency of the evidence to support the jury's finding in response to question 6(d) and the jury's finding thereon is against the great weight and preponderance of the evidence.

On the night of August 17, 1986, Robert Bruyneel was riding his bicycle down Woodrow road in Channelview, Texas. Woodrow road dead-ends into a drainage ditch and then starts up again on the other side of the ditch. Woodrow road had been under construction. Harris County had maintained a barricade at the end of Woodrow as recently as July of 1986. The County's barricade was not in place on the night of August 17, 1986. Bruyneel did not have a light on his bike. Bruyneel did not see a dead end sign at the corner of Woodrow and Elsbeth which was unlit. In the absence of the County's barricade, Robert Bruyneel rode his bicycle into the drainage ditch. The drop-off was approximately 15 feet. The fall resulted in serious injuries to Robert Bruyneel.

Appellant's first two points of error challenge the propriety of the trial court's

rejection of two requested jury instructions. The trial court has considerable discretion in deciding which instructions are necessary and proper. *Johnson v. Whitehurst*, 652 S.W.2d 441, 447 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.). A trial court's refusal to submit requested instructions will not be reversed on appeal unless the court abused its discretion. *Magro v. Ragsdale Bros. Inc.*, 721 S.W.2d 832, 836 (Tex.1986). No abuse of discretion is shown unless the requested instructions were so necessary to enable the jury to render properly a verdict that the court's refusal probably did cause rendition of an improper verdict. *Steinberger v. Archer County*, 621 S.W.2d 838, 841 (Tex.App.—Fort Worth 1981, no writ).

■ Appellant's first assignment of error complains of the trial court's refusal to submit the following instruction:

(1) You are instructed that the law of this state requires that every bicycle in use at nighttime be equipped with a lamp on the front which shall emit a white light visible **for** a distance of at least five hundred (500) feet to the front. (emphasis ours).

The statutory basis for appellant's requested instruction is TEX.REV.CIV.STAT. ANN. art. 6701d, § 184(a):

Every bicycle when in use at nighttime shall be equipped with a lamp on the front which shall emit a white light visible **from** a distance of at least five hundred (500) feet to the front *and with a red reflector on the rear* of the type approved by the Department which shall be visible **from** all distances from fifty (50) feet to three hundred (300) feet to the rear when directly in front of lawful upper beams of head lamps on a motor vehicle. A lamp emitting a red light visible **from** a distance of five hundred (500) feet *to the rear* may be used in addition to the red reflector. (emphasis ours).

Our review of the full and *accurate* text of the unambiguous language of § 184(a) indicates that its paramount purpose is to make a bicycle rider visible to oncoming motor vehicles, as opposed to illuminating the road for the rider's benefit. According-

ly, neither § 184(a) nor appellant's proposed version thereof were applicable to the facts of this case. The trial court rightfully exercised its discretion in denying appellant's requested instruction. Appellant's point of error one is overruled.

■ In its second assignment of error, appellant complains of the trial court's rejection of the following instruction:

2) You are instructed that under the law of this state every person riding a bicycle upon a roadway is subject to all of the duties applicable to the driver of a vehicle.

The record reveals that Mr. Bruyneel readily conceded that he was subject to the same rules and regulations as a person driving a car. Uncontroverted issues regarding uncontested facts need not be submitted to the jury by the trial court. *Tex. Emp. Ins. Ass'n v. Miller*, 596 S.W.2d 621 (Tex.Civ.App.—Waco 1980, no writ); *Corpus Christi National Bank v. Lowry*, 662 S.W.2d 402 (Tex.App.—Corpus Christi 1983, no writ). We find no abuse of discretion in the trial judge's refusal of appellant's requested instruction on an uncontested fact. Appellant's second point of error is overruled.

■ Appellant's third point of error complains of the trial court's failure to submit an issue which asked the jury whether they found from a preponderance of the evidence that Robert Bruyneel was negligent in failing to have a light on the front of his bicycle, and whether such failure was a proximate cause of the occurrence in question. As with the submission of explanatory instructions, the trial court has wide discretion in submitting special issues to the jury. *Jacobs v. Jacobs*, 670 S.W.2d 312 (Tex.App.—Amarillo 1984, no writ). Moreover, an exercise of discretion by the trial court in determining whether it should submit separate questions with respect to an element of a case or submit the issues broadly should not be overturned unless there is a clear showing of abuse. *DeAnda v. Home Ins. Co.*, 618 S.W.2d 529 (Tex. 1980).

■ The negligence issue actually submitted by the trial court reads as follows:

## QUESTION NO. 6

On the occasion in question, was the plaintiff negligent in any one or more of the following ways: (a) Operating his bicycle at a greater speed than was reasonable under the circumstances; (b) Failing to keep a proper lookout; (c) Failing to timely apply his brakes; (d) Or failing to turn to the left or the right to avoid going into the bayou: Answer "Yes" or "No" on each line of column 1. If any of your answers in column 1 are "Yes", then state whether or not any such negligence was a proximate cause of the occurrence in question by answering "Yes" or "No" on the corresponding line of column 2.

|  | Column 1 Negligence | Column 2 Proximate Cause |
|---|---|---|
| Speed | YES | YES |
| Lookout | YES | YES |
| Brakes | YES | NO |
| Turn | NO | |

The trial court allowed the submission of a negligence issue that asked whether Bruyneel's failure to keep a proper lookout constituted negligence. This inquiry into "proper lookout" obviously includes any theory of contributory negligence relating to Bruyneel's failure to have a light on the front of his bicycle at night time. There is no error in refusal to submit a requested issue which is merely a different shade of an issue actually submitted. *Braugh v. Phillips*, 557 S.W.2d 155 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). Appellant's third point of error is overruled.

■ In its fourth point of error, appellant contends there is no evidence to support the jury's negative finding in question 6(d) that Robert Bruyneel was not negligent in failing to turn to the left or the right to avoid going into the bayou and that such failure was not a proximate cause of the occurrence. In companion points of error five and six, appellant asserts that the negative finding of the jury was not supported by sufficient evidence and also that the jury's finding was against the great weight and preponderance of the evidence.

■ It is axiomatic that contributory negligence is an affirmative defense. TEX. R.CIV.P. 94. Accordingly, the burden of proving failure to keep a proper lookout was upon appellant. If an appellant is attacking the legal sufficiency of an adverse finding to an issue on which he had the burden of proof, he must demonstrate on appeal that the evidence conclusively established all vital facts in support of the issue. *Ritchey v. Crawford*, 734 S.W.2d 85 (Tex.App.—Houston [1st Dist.] 1987, no writ). The scope of review for a "matter of law" point is generally treated like a "no evidence" point. *Holley v. Watts*, 629 S.W.2d 694, 696–97 (Tex.1982). See also *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696–97 (Tex.1986). In evaluating a "no evidence" point, an appellate court is limited to reviewing only the evidence tending to support the jury findings. *Shermann v. First Nat'l Bank*, 760 S.W.2d 240, 242 (Tex.1988). If there is any evidence to support the finding, the point must be overruled. If there is no evidence to support the finding, the reviewing court then examines the entire record to determine if the contrary proposition is established as a matter of law. *Holley v. Watts*, 629 at 696–97.

With this standard of review in mind we refer appellant to Bruyneel's testimony elicited under cross-examination:

I was looking down watching in front of me, then I suddenly seen some debris that I was trying to avoid. And when I realized that I was no longer on that smooth road, I was looking down to see what was there. I was trying to avoid it. And I just—when I look up it was already too late.

■ Clearly, the record reveals evidence of probative force to support the jury's finding that Bruyneel was not negligent in failing to turn to the right or the left to avoid going into the bayou. Appellant's "no evidence" point of error four is overruled.

As to points of error five and six, in reviewing a factual insufficiency challenge, regardless of whether the complaining party has the burden of proof on the issue, the court of appeals must first examine all of the evidence. *Lofton v. Texas Brine Corp.*, 720 S.W.2d 804, 805 (Tex.1986). Our review of the entire record clearly indicates that the evidence is both sufficient to support the jury's finding that Bruyneel was not negligent in failing to turn to the left or the right and, further, that the jury's finding is not against the great weight or preponderance of the evidence that it is clearly wrong or unjust. Appellant's points of error five and six are overruled.

Accordingly, we affirm the judgment of the trial court.

PAUL PRESSLER, Justice, concurring.

I concur in the opinion except that I would also, upon the Court's motion, impose upon the Appellant a 10% penalty under Tex.R.App.P. 84.