Kelso v. Huskins 















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-206-CV

     ELSIE KELSO,
                                                                                              Appellant
     v.

     J. M. HUSKINS,
                                                                                              Appellee
 

From the 40th District Court
Ellis County, Texas
Trial Court # 42,437
                                                                                                    

O P I N I O N
                                                                                                    

      Elsie Kelso was driving eastbound on Main Street in Waxahachie. At the intersection of Main
and Jackson Streets, her car was struck by a car driven by J. M. Huskins. Each party testified at
length about the events leading up to the collision. Both testified that it had been raining and that
the pavement was slick. Each testified that his or her car was sliding when the impact occurred. 
A jury determined Kelso should not recover for injuries she sustained in the collision. 
Specifically, it failed to find that either party's negligence was the proximate cause of the collision. 
Kelso complains in three points that the court erred in instructing the jury on "unavoidable
accident," that there is no evidence or insufficient evidence to support the jury's failure to find that
Huskins' negligence was a proximate cause of the collision, and that the court erred in denying
her motion to disregard the jury's finding that Huskins' negligence was not a proximate cause of
the collision. We affirm.
      Kelso's first point asserts that the court erred in instructing the jury on unavoidable accident. 
The court has broad discretion in the submission of jury issues, definitions, and instructions. 
Jacobs v. Jacobs, 670 S.W.2d 312, 313 (Tex. App.—Texarkana 1984, writ ref'd n.r.e.); Tex. R.
Civ. P. 277. An instruction on unavoidable accident is proper only when raised by evidence that
the event was proximately caused by a non-human condition and not by the negligence of any
party. Hill v. Winn Dixie Texas, Inc., 36 Tex. S. Ct. J. 358, 359 (December 16, 1992);
Yarborough v. Berner, 467 S.W.2d 188, 190-91 (Tex. 1971). Both Hill and Yarborough mention
"wet or slick pavement" as "environmental conditions" that could warrant the instruction. Id.
      A review of the record reveals that there is evidence from which the jury could have
concluded that the collision was caused by the slick pavement. Accordingly, we cannot say that
the court erred in submitting the instruction on unavoidable accident. See Jacobs, 670 S.W.2d
at 313.
      Even if we were to view the evidence otherwise, reversal would not be required. An
improper jury charge will result in reversal only if the error "was reasonably calculated to cause
and probably did cause the rendition of an improper judgment." Hill, 36 Tex. S. Ct. J. at 359;
Tex. R. App. P. 81(b)(1). Under the circumstances of this case, the submission did not cause an
improper judgment. See id. We overrule point one.
      In point two, Kelso asserts that there is no evidence or insufficient evidence to support the
jury's answer of "no" to the question inquiring whether Huskins' negligence was a proximate
cause of the collision. Question number one was asked and answered:
Did the negligence, if any, of the persons named below proximately cause the
occurrence in question?
            ANSWER: "Yes" or "No" for each of the following:
                  a. Elsie Kelso                              No 
                  b. J. M. Huskins                          No 
The broad-form submission, mandated by Rule 277, makes it impossible for a reviewing court to
ascertain whether the jury felt that Huskins was not negligent, that his negligence was not a cause
of the collision, or that Kelso failed to meet her burden of proof. See Tex. R. Civ. P. 277.
      When the party with the burden of proof challenges an adverse finding on legal-sufficiency
grounds, the reviewing court must sustain the failure to find unless the evidence supporting an
affirmative finding was so strong that reasonable minds could draw only one conclusion from the
evidence. Collora v. Navarro, 574 S.W.2d 65, 68 (Tex. 1978). If there is any evidence of
probative force to raise a fact issue on the question, the challenge must be rejected. Id.
      The jury's negative answer represents a refusal to find from a preponderance of the evidence
that Huskins' negligence proximately caused the collision. See Sterner v. Marathon Oil Co., 767
S.W.2d 686, 690 (Tex. 1989). Because Kelso is attacking an adverse answer on an issue on which
she had the burden of proof, we will treat the legal-sufficiency point as if it asserts that negligence
was established as a matter of law. See id.
      First, we must examine the record for evidence that supports the jury's negative answer to the
question, while ignoring all evidence to the contrary. See id. If we find evidence that supports
the negative answer, the inquiry ends; but if we find no evidence to support the answer, then the
entire record must be examined to determine if the contrary proposition is established as a matter
of law. See id.
      As we have noted, the record reveals that an intersection collision occurred between vehicles
driven by Kelso and Huskins on slick pavement. We believe that this evidence supports the
proposition that the jury's negative answer could have been based on its conclusion that Kelso had
failed to prove that Huskins was negligent or, if negligent, that his negligence was a proximate
cause of the collision. See id. Additionally, the question of causation is one for the trier of fact
when general experience and common sense enables a layman to determine the causal relationship
between events and conditions. Travenol Labs., Inc. v. Bandy Labs., Inc., 608 S.W.2d 308, 312
(Tex. Civ. App.—Waco 1980, writ ref'd n.r.e.). We believe that the rule applies here; thus, the
question of causation was for the jury. See id.
      As to the factual sufficiency of the evidence, when the party with the burden of proof on a
question challenges an adverse finding, the reviewing court must sustain the failure to find unless,
considering all the evidence, the great weight and preponderance of the evidence supports an
affirmative answer. Croucher v. Croucher, 660 S.W.2d 55, 58 (Tex. 1983). An example would
be when a party fails to contradict the testimony of adverse witnesses on the fact at issue. W. B.
Hinton Drilling Co. v. Zuniga, 784 S.W.2d 442, 447 (Tex. App.—Tyler 1989, no writ). As we
have stated, our review of the record reveals that there was more than sufficient evidence from
which the jury could have concluded that Kelso failed to prove that Huskins was negligent or that
his negligence was a proximate cause of the collision. Accordingly, we cannot say that the great
weight and preponderance of the evidence supports an affirmative answer to question lb. See
Croucher, 660 S.W.2d at 58. We overrule point two.
      Kelso's point three asserts that the court erred in failing to disregard the jury's answer to
question 1b. On motion and notice, the court may disregard any finding of the jury that has no
support in the evidence. Tex. R. Civ. P. 301. In determining that there was evidence supporting
the proposition that the jury's negative answer could have been based on its conclusion that Kelso
had failed to prove that Huskins was negligent or, if negligent, that his negligence was a proximate
cause of the collision, we also determine that the court was correct in denying the motion to
disregard the jury's answer to question 1b. See id; Sterner, 767 S.W.2d at 690. We overrule
point three.
      We affirm the judgment.
 
                                                                                     BILL VANCE
                                                                                     Justice

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Affirmed
Opinion delivered and filed January 27, 1993
Do not publish