**Bert Reginald ARTRIPE, Milton Hess, and Landscape Nursery, Inc., Appellants,**

**v.**

**Hilton HUGHES, Appellee.**

**No. 13–91–540–CV.**

Court of Appeals of Texas, Corpus Christi.

May 27, 1993.

Rehearing Overruled July 29, 1993.

David Hughes, Corpus Christi, for appellants.

Dwayne McWilliams, J.R. Schneider, Jr., George West, for appellee.

Before NYE, C.J., and DORSEY and GILBERTO HINOJOSA, JJ.

## OPINION

DORSEY, Justice.

This action was brought by Hilton Hughes against Bert Artripe to recover money invested by Hughes in Artripe's landscaping business, Bluebonnet Services.

Milton Hess and his firm, Landscape Nursery, Inc., were also sued by the plaintiff because of certain equipment that had been conveyed to them by Artripe. Special issues were answered in favor of the plaintiff, Hughes, against the defendant Artripe, finding that he defrauded Hughes and breached his fiduciary duty to him. However, the jury failed to find what sum Artripe obtained from Hughes, that Hess and Landscape defrauded Hughes, or that Hess and Landscape converted the equipment. The trial court disregarded the answers favorable to the defendants and entered judgment non obstante veredicto for the plaintiff. Those actions by the trial court in disregarding the jury's failure to find issues in favor of the plaintiff, and the court's finding them as a matter of law, constitute the principal arguments in this appeal. We reform the judgment and, as reformed, affirm.

Bert Artripe owned a landscaping business, Bluebonnet Services, that was having financial difficulties in 1989. Hilton Hughes agreed to invest $150,000 and join the firm. They entered into a pre-incorporation subscription agreement that provided Artripe would contribute his entire business, including equipment, to a corporation to be formed, while Hughes would contribute $150,000, to be used to satisfy purchase liens on the equipment. A corporation was chartered, Bluebonnet Services, Inc., but evidence is conflicting whether an organizational meeting was held. Stock was not issued and bylaws were not adopted. Nonetheless, Hughes paid $150,000 to the creditors who held liens on the equipment, but Artripe did not transfer titles to the corporation.

Artripe was doing landscaping business in Florida as well as in Kingsville, Texas. In Florida he was working with Milton Hess and his firm, Landscape Nursery, Inc. The most valuable equipment, two treespades, were taken to Florida by Artripe, who spent most of his time there, leaving Hughes to run the Kingsville office. Several months after Hughes's investment, the firm's bank account was seized by the State of Texas for unpaid sales taxes, and the Federal Internal Revenue Service seized and auctioned vehicles used in the business. Artripe transferred titles to the treespades to Hess and Landscape Nursery after Hess paid delinquent IRS taxes owed by Artripe.

Hughes sued Artripe for fraud, claiming that Artripe misrepresented the financial condition of the business. He also asserted that Artripe breached their agreement by not transferring title of the equipment to the corporation, and by failing to form the corporation.

Hughes also sued Hess and Landscape Nursery, claiming that Artripe's transfer of the treespades to them was both fraudulent and a conversion. He sought the imposition of a constructive trust on the treespades.

The jury found that Artripe defrauded Hughes, breached a confidential and fiduciary relationship with him, and failed to perform his obligations under their agreement. The jury determined that Artripe wrongfully obtained money from Hughes; however, when asked what amount of money Artripe obtained, the jury found "zero." The jury failed to find that Hess and Landscape converted Hughes's property and failed to find that the transfer of the treespades by Artripe to Hess was fraudulent against Hughes.

The trial court disregarded the "zero" damage answer as well as the jury's failure to find a basis of liability against Hess and Landscape, and entered judgment n.o.v. in Hughes's favor. The court held the three defendants jointly and severally liable for $100,000, the value of Hughes's investment in the treespades ultimately transferred to Hess and Landscape. The court also found Artripe individually liable for an additional $50,000, the balance of the money contributed by Hughes for the benefit of the proposed corporation. The court then awarded $100,000 in exemplary damages from each of the three defendants, and $20,000 attorney's fees against Artripe.

Artripe contends by point of error one that the trial court erred in disregarding the jury's finding that Artripe retained "zero" funds from Hughes (question 7) and

in granting judgment n.o.v. in favor of Hughes. He contends in his third point of error that the judge erred in disregarding the jury's finding that Artripe did not use funds supplied by Hughes in paying off other indebtedness (question 8).

The jury found that a confidential or fiduciary relationship existed between Mr. Hughes and Mr. Artripe and that Artripe breached the fiduciary duty he owed to Hughes. It found that Artripe defrauded Hughes and that Hughes performed all of his obligations under their agreement. That Mr. Hughes contributed $150,000 to the venture was not disputed.

■ Only disputed questions of material fact are to be submitted to the factfinder for resolution. *Clark v. National Life & Accident Ins. Co.*, 200 S.W.2d 820, 822 (Tex.1947); *Harris County v. Bruyneel*, 787 S.W.2d 92, 94 (Tex.App.—Houston [14th Dist.] 1990, no writ); *Corpus Christi Nat'l Bank v. Lowry*, 662 S.W.2d 402, 405 (Tex.App.—Corpus Christi 1984, no writ). No question should have been submitted to the jury about the amount Mr. Artripe obtained or retained from Mr. Hughes or how the money was used. The trial judge properly disregarded the jury's findings as to questions 7 and 8 and found as a matter of law that Mr. Hughes invested $150,000 as a result of Artripe's fraud. Artripe's first and third points of error are overruled.

Artripe, Hess, and Landscape assert on appeal that the trial court erroneously disregarded the jury's failure to find that Hess and Landscape converted the treespades.[1] The court ultimately entered a judgment holding all three defendants jointly and severally liable for the value of the machinery.

The pertinent jury question read,

QUESTION NO. 11

Did Milton Hess and/or Landscape Nursery Incorporated convert any of the following items from Hilton Hughes?

You are instructed that "convert" means to willfully or intentionally exercise dominion over the personal property of another without the owner's right of possession or use. Wrongful intent is not an element.

1. 1988 G.M.C. Tree Spade No
2. 1987 G.M.C. Tree Spade No

■ The trial court granted a judgment n.o.v. in favor of the plaintiff, the party having the burden of proof, in this case. A directed verdict for a plaintiff is proper when reasonable minds can draw only one conclusion from the evidence. *Collora v. Navarro*, 574 S.W.2d 65, 68 (Tex.1978). Courts of Appeals have likewise upheld cases in which the plaintiff, the party with the burden of proof, was granted a directed verdict or judgment n.o.v. in the court below. *See Matter of Estate of Crawford*, 795 S.W.2d 835 (Tex.App.—Amarillo 1990, no writ); *Volunteer Council of Denton State School, Inc. v. Berry*, 795 S.W.2d 230 (Tex.App.—Dallas 1990, writ denied).

■ A judgment non obstante veredicto is similar to a directed verdict. In the former the trial judge disregards the answer the jury has given to the question, and enters judgment contrary to the verdict. In determining the propriety of the judgment n.o.v., the appellate court reviews the evidence to determine if there is any evidence, more than a scintilla, supporting the verdict. If there is, the judgment n.o.v. is improper.

■ When the jury fails to find an answer on which the party having the burden of proof relies for recovery, and the court disregards the answer and enters a finding contrary to it, we engage in a two-part analysis. We initially examine the record for evidence supporting the jury's failure to find, looking only to the evidence that tends to support the jury's decision and disregarding all evidence and inferences to the contrary. *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex.1989). If there is evidence supporting the jury's answer, the inquiry stops, as it was error to set that answer aside.

If, however, no evidence or inferences support the jury's failure to find on the issue favorable to the plaintiff, we progress to the next step. In it we review the

---

1. Artripe makes this contention by point four of his brief, Hess and Landscape by point two.

entire record to determine if the evidence conclusively establishes the fact contrary to the jury's answer. *Sterner,* 767 S.W.2d at 690. If the evidence is conclusive, the jury's answer was properly set aside, and the contrary answer properly found by the court. *Id.;* Powers and Ratliff, *Another Look at "No Evidence" and "Insufficient Evidence,"* 69 Tex.L.Rev. 515, 523 (1991).

We first review the record to determine if any evidence supports the jury's failure to find a conversion by Hess and Landscape. If none exists, we look to whether the evidence is conclusive that Hess and Landscape converted these treespades.

■■■ Conversion is the unauthorized and wrongful exercise of dominion and control over another's property, to the exclusion of or inconsistent with the rights of the owner. *Waisath v. Lack's Stores, Inc.,* 474 S.W.2d 444, 446 (Tex.1971); *Bures v. First Nat'l Bank,* 806 S.W.2d 935, 937 (Tex.App.—Corpus Christi 1991, no writ). The complaining party must show that he is the owner of the property in order to recover on a claim of conversion. *Shelton v. Swift Motors, Inc.,* 674 S.W.2d 337, 341 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.). The plaintiff must establish some interest in the property, such as title or some right to possession. *Anchor Mortgage Servs., Inc. v. Poole,* 738 S.W.2d 68, 69 (Tex.App.—Fort Worth 1987, writ denied).

■ A treespade is a large device mounted on a truck and used to transplant trees. Bert Artripe is shown as the owner of both on the Texas Certificates of Title introduced into evidence. No interest of Hughes is indicated on those certificates of title, although they do indicate that purchase liens were released by GMAC. The certificates of title are evidence that Hughes did not own the equipment.

The jury, in its failure to find that Artripe, Hess, and Landscape converted Hughes's treespades, could have determined that Hughes did not own them. There is evidence supporting the jury's answer, and the trial judge erred by disre-

garding it. Artripe's point of error four and Hess's point two are sustained.

■ Appellants complain of the trial court's action in disregarding the jury's failure to find that Hughes was defrauded by Artripe, Hess, and Landscape when titles to equipment were transferred by Artripe to Hess and Landscape.[2] By entering judgment n.o.v. for Hughes for fraud, the trial court necessarily found it to be proved conclusively. Again we first review the evidence in the light most favorable to the jury's answer to determine if there is any evidence supporting that answer.

Artripe testified that when he left Florida, he entrusted the treespades to Hess and Landscape Nursery to be held until his return. Soon thereafter, the IRS levied tax liens on the equipment and Hess and Landscape paid those liens to free the equipment. Artripe agreed to allow Hess to operate the treespades and to work out as rental the amounts paid by Hess to the IRS. Hess told Artripe that in order for Landscape to operate the equipment in Florida, insurance was necessary, and title to the equipment had to be transferred to Landscape. Artripe transferred those titles to Landscape. However, Artripe testified that Hess was to hold the titles in "trust" for him and for Bluebonnet.

Fraud is generally defined as a misrepresentation of a material fact, known to be false, intended to be relied upon by another, and so relied upon to his detriment. The fraudulent act here would have been Hess's representation that he would hold the treespades for Artripe when titles were transferred to him. However, there is no evidence that Hess is not doing that. Although Hughes, a stranger to the Artripe–Hess transaction, made demand on Hess to return the treespades to him, there is no evidence that Hess has refused to return the equipment to Artripe or that Artripe has sought the return of it.

There is some evidence that when Artripe initially transferred title to the treespades to Landscape and Hess, neither party did so for the purpose of defrauding

---

**2.** Artripe makes this contention by point five, while Hess and Landscape do so by point three.

Hughes. There is some evidence that Hess and Landscape did not defraud Hughes. Fraud was not established as a matter of law. Artripe's point of error five and Hess's and Landscapes's point three are sustained.

Hess and Landscape complain by their fourth point of error that the court erred by assessing damages, both actual and exemplary, against them. We have earlier held the trial court erred by disregarding the jury's determination that Hess and Landscape did not commit fraud or conversion. Affirmative findings on those issues were the only bases for damage awards against them. We sustain their fourth point of error. Damage awards against these defendants will be deleted from the judgment.

■ By point two, Artripe contends that the trial court erred by holding him liable for attorney's fees in addition to exemplary damages. He argues both may not be awarded. We disagree. Attorney's fees are authorized by statute for breach of contract claims, and exemplary damages are awarded in tort cases when the conduct of the tortfeasor is egregious. An award of attorney's fees for breach of contract does not preclude an award of exemplary damages for egregious tortious conduct in the same action.

TEX.CIV.PRAC. & REM.CODE § 38.001(8) (Vernon 1986) allows for the recovery of reasonable attorney's fees if the claim is for breach of an oral or written contract. The jury found that Artripe breached his contract with Hughes, which is not contested on appeal. That finding will support the award of attorney's fees notwithstanding the exemplary damages award.

■ In a breach of contract suit, when an independent tort damages the plaintiff as well, exemplary damages may be awarded. *Getty Oil Co. v. Blevco Energy, Inc.*, 722 S.W.2d 51, 54 (Tex.App.—Eastland 1986), *dism'd*, 770 S.W.2d 569 (Tex.1989). Intentional fraud committed for the purpose of injuring the plaintiff constitutes wanton and malicious conduct warranting an award of exemplary damages. TEX.CIV.PRAC. & REM.CODE ANN.

§ 41.003(a) (Vernon 1993); *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 436 (Tex.1986); *Trenholm v. Ratcliff*, 646 S.W.2d 927, 933 (Tex.1983); *Dennis v. Dial Fin. & Thrift Co.*, 401 S.W.2d 803, 805 (Tex.1966). Fraudulent misrepresentations used to induce the creation of a contract, coupled with damages caused by the misrepresentation, will support an award for exemplary damages. *Schindler v. Austwell Farmers Co-op*, 829 S.W.2d 283, 286–87 (Tex.App.—Corpus Christi 1992), *aff'd as modified*, 841 S.W.2d 853 (Tex.1992).

■ Artripe fraudulently induced Hughes to enter into a contract by misrepresenting the financial condition of the business. He then breached that contract by failing to comply with its terms. The trial court properly awarded both attorney's fees and exemplary damages to Hughes against Artripe. Point two is overruled.

■ By their first point of error, Hess and Landscape contend that the trial court erred in entering default judgment against them because they did not have notice of those claims. They do not maintain that the court lacked personal jurisdiction over them because of a defect in, or lack of, personal service. They did not answer or appear before final judgment was entered after a jury trial on the merits. Their first appearance was by a timely motion for new trial. We agree the court erred by entering default judgment, but for different reasons.

The judgment recites that Hess and Landscape failed to appear after having been properly served, and that Hughes recovers from these defendants by default judgment. However, that judgment was entered after trial on the merits, verdict, and motion to disregard the verdict. Hughes failed to timely seek a default judgment against Hess and Landscape before or during trial. *See* TEX.R.CIV.P. 240. The basis of these defendants' liability was submitted to the jury. We hold that Hughes waived his right to default judgment. *Estate of Grimes v. Dorchester Gas Producing Co.*, 707 S.W.2d 196, 204

(Tex.App.—Amarillo, writ ref'd n.r.e.); *Dodson v. Citizens State Bank of Dalhart,* 701 S.W.2d 89, 94 (Tex.App.—Amarillo 1986, writ ref'd n.r.e.); *Foster v. LMS Dev. Co.,* 346 S.W.2d 387, 397 (Tex.Civ. App.—Dallas 1961, writ ref'd n.r.e.).

The trial court erred by granting a default judgment against Hess and Landscape. Their point of error one is sustained.

The trial court's judgment shall be reformed to read as follows:

IT IS THEREFORE ORDERED, ADJUDGED, and DECREED that Plaintiff, HILTON HUGHES, recover from DEFENDANT, BERT REGINALD ARTRIPE, individually, the sum of $150,000 in actual damages, $100,000 in exemplary damages, attorney's fees of $20,000, costs of court, and interest.

Plaintiff, HILTON HUGHES, takes nothing from Defendants MILTON HESS and LANDSCAPE NURSERY, INC.

The judgment of the trial court is REFORMED, and as REFORMED, AFFIRMED.

NYE, C.J., not participating.