**DAN EDGE MOTORS, INC., Appellant,**

v.

**Ricky SCOTT, Appellee.**

**No. 9132.**

Court of Appeals of Texas, Texarkana.

May 24, 1983.

Coy Johnson, Smith, Johnson & McDowell, Sulphur Springs, for appellant.

B. Gregg Price, C. Stephen Hughes, Sulphur Springs, for appellee.

CORNELIUS, Chief Justice.

This is an appeal from a default judgment rendered for Ricky Scott in his suit against Dan Edge Motors for conversion of an automobile. Scott filed his petition July 14, 1982, against Edge Motors, a corporation. Suit was not filed against Dan Edge, individually. The citation was issued to "Dan Edge, Dan Edge Motors, Inc." and served by leaving a copy with Dan Edge on July 14, 1982. No citation was issued to the corporation. A default judgment was rendered August 11 by oral pronouncement from the bench. The judgment was signed on August 19. Dan Edge Motors, Incorporated, filed an answer on August 13, an amended answer on August 24, and a motion for new trial and to set aside the default judgment on September 17.

Appellant contends that the judgment is invalid because the trial court did not acquire jurisdiction over the corporation. We agree.

Ordinarily, presumptions are made in support of a judgment, including presumptions of due service of citation upon the defendant when the judgment so recites, but such presumptions are not made in a direct attack such as this upon a default judgment. Jurisdiction must affirmatively appear on the face of the record. *McKanna v. Edgar*, 388 S.W.2d 927 (Tex. 1965). In this case the petition alleged a cause of action against Dan Edge Motors, *a corporation*. Citation was issued to and served upon "Dan Edge, Dan Edge Motors, Inc., 1217 South Broadway, Sulphur Springs, Texas." An affidavit attached to the corporation's answer indicates that Dan Edge is president of Dan Edge Motors, Incorporated, but even if this affidavit could be considered, a citation *issued* to the agent of a corporation rather than to the corporation itself is insufficient to confer jurisdiction over the corporation. *Stafford Const. Co., Inc. v. Martin*, 531 S.W.2d 667 (Tex.Civ. App.—El Paso 1975, no writ), and cases there cited. A domestic corporation may be *served* by delivering the citation to its president, vice-president, or registered agent. Tex.Bus.Corp. Act Ann. art. 2.11 (Vernon 1980); *Nrtrx Corp. v. Story*, 582 S.W.2d 225 (Tex.Civ.App.—Fort Worth 1979, writ ref'd n.r.e.); *Pipe Line Properties, Inc. v. Fraser*, 398 S.W.2d 154 (Tex.Civ.App.—Dallas 1965, no writ). But the citation must be directed to the corporation and command it to appear and answer, not the agent. See *Temple Lumber Co. v. McDaniel*, 24 S.W.2d 518 (Tex.Civ.App.—Beaumont 1930, no writ), and cases there cited.

Appellee urges that because the corporation filed an answer after judgment was announced, but before it was signed, the answer constituted a waiver of any defect in service of process.

A judgment is rendered when the decision is announced orally in open court or by a memorandum filed with the clerk. 4

R. McDonald, Texas Civil Practice in District and County Courts § 17.05.2 (rev. 1971); *Esco v. Argonaut Insurance Company,* 405 S.W.2d 860 (Tex.Civ.App.—Beaumont 1966, writ ref'd n.r.e.). A general appearance which waives defects in service must precede any action of the court which such appearance validates. *Crawford v. McDonald,* 88 Tex. 626, 33 S.W. 325 (1895); *H.L. McRae Co. v. Hooker Const. Co.,* 579 S.W.2d 62 (Tex.Civ.App.—Austin 1979, no writ). As the record fails to show a valid issuance and service of citation to the defendant, or a voluntary appearance prior to rendition of the default judgment, the judgment must be reversed and the cause remanded. The requirement that the defendant excuse his failure to appear, and set up a meritorious defense does not apply in such a case. *Spears v. Brown,* 567 S.W.2d 544 (Tex.Civ.App.—Texarkana 1978, writ ref'd n.r.e.); 4 R. McDonald, Texas Civil Practice in District and County Courts § 18.10.3 (rev. 1971), comment at Note 67, p. 270.

It is so ordered.