**AMERICAN UNIVERSAL INSURANCE CO., Appellant,**

v.

**D.B. & B., INC., Appellee.**

**No. 13–86–293–CV.**

Court of Appeals of Texas, Corpus Christi.

Jan. 22, 1987.

Rehearing Denied March 12, 1987.

Marie R. Yeates, Frank W. Mitchell, Francis I. Spagnoletti, Houston, R.D. Cullen, Victoria, for appellant.

Henry E. Bower, White, Huseman, Pletcher & Powers, Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

Appellee brought a deceptive trade practices suit and sought a declaratory judgment regarding construction of an insurance policy and a declaration of the coverage pursuant to that policy. Appellee recovered a default judgment against the appellant. Appellant brings eight points of error. We reverse the judgment of the trial court and remand the cause for a new trial.

Appellant, by its first point of error, complains that the trial court erred in rendering a default judgment because service of process was improper. Appellee's petition alleged that:

> Defendant, American Universal Insurance Co., is a corporation out of Providence, Rhode Island, doing business in San Patricio County, Texas, and may be served with citation therein through its registered agent, *Mr. Jack Keith,* 1903 Hermann Drive, Houston, Harris County, Texas.

The receipt for certified mail was addressed to:

> American Universal Ins. Co.
> Mr. Jack Keith
> 1903 Hermann Dr.
> Houston, Texas

However, Mr. Jack Keith, the addressee, did not sign the receipt, but instead a "J. Williams" signed in the space labeled "agent."

Although "J. Williams" signed as agent for Jack Keith and American Universal Insurance Company, there is nothing in the record that is before us which affirmatively shows that "J. Williams" was such an agent. This agency relationship must be affirmatively shown *before* a default judgment can be proper. *Cates v. Pon,* 663 S.W.2d 99, 101 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.); *White Motor Co. v. Loden,* 373 S.W.2d 863, 865 (Tex.Civ. App.—Dallas 1963, no writ); *see also Dan Edge Motors, Inc. v. Scott,* 657 S.W.2d 822, 824 (Tex.App.—Texarkana 1983, no writ).

■ The presumptions which are ordinarily made in support of valid service do not apply when a direct attack is made upon a default judgment. The record must affirmatively show strict compliance with the Rules of Civil Procedure. *Uvalde Country Club v. Martin Linen Supply Co.,* 690 S.W.2d 884, 885 (Tex.1985); *Gerland's Food Fair, Inc. v. Hare,* 611 S.W.2d 113, 115 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.); *Mega v. Anglo Iron*

& Metal Co., 601 S.W.2d 501, 503 (Tex.Civ. App.—Corpus Christi 1980, no writ). Unless the record affirmatively shows, at the time the default judgment is entered, either an appearance by the defendant, proper service of citation on the defendant, or a written memorandum of waiver, the trial court does not have *in personam* jurisdiction to enter a default judgment against the defendant. *Cates,* 663 S.W.2d at 102. Failure to affirmatively show strict compliance with the Rules of Civil Procedure [1] renders the attempted service of process invalid and of no force or effect. *Uvalde Country Club,* 690 S.W.2d at 885.

■ If a court has not acquired jurisdiction of *both* the parties and the subject matter of the litigation, the judgment is void and is subject to both direct and collateral attack. *Browning v. Placke,* 698 S.W.2d 362, 363 (Tex.1985); *Martin v. Sheppard,* 201 S.W.2d 810, 812 (Tex.1947); *Flynt v. City of Kingsville,* 82 S.W.2d 934, 934–35 (Tex.Comm'n App.1935, opinion adopted); *see also Hanover Modular Homes, Inc. v. Corpus Christi Bank & Trust,* 476 S.W.2d 97, 101 (Tex.Civ.App.— Corpus Christi 1972, no writ). "[A] void judgment is one entirely null within itself, and which is not susceptible of ratification or confirmation, and its nullity cannot be waived." *Easterline v. Bean,* 121 Tex. 327, 49 S.W.2d 427, 429 (1932); *see Holder v. Scott,* 396 S.W.2d 906, 910–11 (Tex.Civ. App.—Texarkana 1965, writ ref'd n.r.e.).

Appellee argues that failure to acquire jurisdiction over the party merely renders the judgment voidable, as held in *Tidwell v. Tidwell,* 604 S.W.2d 540, 542 (Tex.Civ.App. —Texarkana 1980, no writ), in which that court stated, "A voidable judgment is one in which the trial court has jurisdiction of the subject matter, but fails to gain effective jurisdiction over the defendant." This statement is wrong. In *Browning,* the Supreme Court held:

> And a judgment is void only when it is shown that the court had *no jurisdiction of the parties* or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no ca-

pacity to act as a court.... All errors other than jurisdictional deficiencies render the judgment merely voidable, and such errors must be corrected on direct attack.

698 S.W.2d at 363. The opinion in *Tidwell* cites *McEwen v. Harrison,* 345 S.W.2d 706 (Tex.1961), and *Deen v. Kirk,* 508 S.W.2d 70 (Tex.1974), as authority for its contention.

However, neither *Deen* nor *McEwen* hold that. Instead, *Deen* and *McEwen* explain how a defendant may vacate a default judgment pursuant to Tex.R.Civ.P. 329b. In both cases, the trial courts' actions vacating the judgments were improper because the parties did not bring a bill of review before the trial court. In *McEwen,* the Supreme Court held that an appeal by writ of error or a bill of review were the exclusive methods by which Texaco (the defaulting party) could vacate the default judgment, since an appeal was no longer timely. 345 S.W.2d at 711. Never did the Supreme Court address the merits of Texaco's claim that the judgment was void, but simply held that Texaco did not adhere to proper avenues of review. In fact the Supreme Court stated, "Our judgment here is without prejudice to the right of Texaco, Inc. to file an appeal by writ of error or to file a bill of review to set aside the default judgment against it." 345 S.W.2d at 711. *Deen* and *McEwen* are not applicable here because the appellant timely perfected its appeal.

■ Appellee contends that appellant waived the right to complain of invalid service by failing to raise the point in its motion for new trial. We disagree. Tex.R. Civ.P. 324(b)(1) provides that a point in a motion for new trial is a prerequisite to a "complaint on which evidence must be heard such as one of jury misconduct or newly discovered evidence or failure to set aside a judgment by default." This is not a situation in which "evidence must be heard," as provided by Rule 324. If this was the situation, the *"Craddock* Test" would be appropriate. This is where a

---

1. *See, e.g.,* Tex.R.Civ.P. 101, 106, & 107.

default judgment can be set aside and a new trial ordered when the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or accident; provided that the motion for new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124, 126 (Comm'n App. 1939, opinion adopted); *see Strackbein v. Prewitt,* 671 S.W.2d 37, 38 (Tex. 1984).

Here, appellant's complaint is that the trial court lacked *in personam* jurisdiction to enter a default judgment due to invalid service. The rule in Texas is that the face of the record must affirmatively show jurisdiction over the defendant at the time of entering the default judgment. *See Uvalde Country Club,* 690 S.W.2d at 885; *McKanna v. Edgar,* 388 S.W.2d 927, 930 (Tex.1965); *Cates,* 663 S.W.2d at 101; *Dan Edge Motors, Inc.,* 657 S.W.2d at 824. A point in a motion for new trial is not a prerequisite to a complaint on appeal of invalid service in a default judgment that is void. Tex.R.Civ.P. 324(a). Additionally, requiring a party to raise the voidness of a judgment as a point in a motion for new trial, or be subject to waiver of the point on appeal, would conflict with the Supreme Court's holding in *Easterline,* 49 S.W.2d at 429, that a void judgment cannot be waived.

■ Here, the face of the citation affirmatively shows that service of process was not perfected on the addressee, Jack Keith.[2] Because the record fails to show a valid issuance and service of citation to the defendant, or a voluntary appearance prior to rendition of the default judgment, the judgment is void and must be reversed and the cause remanded. This is true notwithstanding statements made by appellant's trial counsel at the hearing on the motion

for new trial that an agent of appellant received the service. The subsequent conduct of appellant does not eradicate the void judgment. *Cates,* 663 S.W.2d at 102; *Dan Edge Motors, Inc.,* 657 S.W.2d at 824; *See Easterline v. Bean,* 121 Tex. 327, 49 S.W.2d 427, 429 (1932). The trial court should have granted a new trial. We sustain appellant's first point of error.

Having disposed of the controlling issue in this case, it is not necessary to address appellant's remaining points of error. Tex. R.App.P. 90(a). The judgment of the trial court is reversed, and the cause is remanded for a new trial.

SEERDEN, J., dissents.

SEERDEN, Justice, dissenting.

I respectfully dissent.

Without reaching the question of whether the return receipt fails to establish adequate service, I would hold that appellant has no right to complain of this default judgment by appeal.

The judgment by default was signed and entered on February 21, 1986. On March 21, 1986, while the trial court still had jurisdiction of the case, appellant filed his motion for new trial. In that motion, appellant not only failed to raise a point on invalid service, as mentioned by the majority, but stated affirmatively that "Service was had upon your Movant (appellant) by service upon its agent." Appellant's attorney swore to the statements in the motion by saying on his oath, "... I am personally familiar with all the facts recited in Defendant's Motion for New Trial and the same are true. I will so testify if called as a witness in this matter."

On April 18, 1986, a hearing was held on the motion for new trial. Evidence was presented concerning events leading to the judgment as well as other matters. Again, appellant not only presented no evidence or argument concerning invalidity of service, but, when asked whether the client was

---

**2.** It should be noted that Tex.Civ.Prac. & Rem. Code Ann. § 17.043 (Vernon 1986), which provides that process may be served on the person in charge of the nonresident's business, is not

applicable. Appellant maintains a resident agent for service of process, as designated in appellee's petition.

served with citation on December 16, 1985, appellant's attorney, testifying as a witness, stated, "That's what the exhibit shows, yes."

The filing of the motion for new trial constituted an appearance by appellant. Tex.R.Civ.P. 120, 122; *St. Louis & S.F.R. Co. v. Hale*, 206 S.W. 75 (Tex.1918). While such appearance was only effective as of the date of filing such motion, *see St. Louis & S.F.R. Co. v. Hale, supra,* there is no good reason why appellant's admissions should not preclude it from contesting the citation on appeal.

Tex.R.Civ.P. 124 provides that judgment shall not be rendered against a defendant except upon service, acceptance or waiver of process, or upon an appearance by the defendant. Surely, appellant's statements amount to an acceptance or waiver of process, if it is possible to accept or waive same after the judgment is rendered.

The majority cites numerous cases for the proposition that the judgment was void from its inception for lack of personal jurisdiction. Each of the cases cited, however, involve attacks on the judgments by writ of error, bill of review, injunction, mandamus, or some method other than appeal. In each of the cases, the trial court had lost jurisdiction of the proceeding, and the record before the appellate court failed to show a compliance with Tex.R.Civ.P. 124. While many of the cases state that failure to serve the defendant renders the judgment void, the facts do not lend themselves, nor is the point raised, that the persons against whom the judgment was taken admitted service before the trial court. The majority cites *Dan Edge Motors, Inc. v. Scott*, 657 S.W.2d 822 (Tex.App.—Texarkana 1983, no writ). While this case is a direct appeal, it is distinguishable from our case because the appellant raised the issue of lack of service before the trial court.

In *Smith v. Amarillo Hospital District*, 672 S.W.2d 615 (Tex.App.—Amarillo 1984, no writ), the lack of service was raised by appeal. In *Smith* at 617, the Court observes that the nature and quality of the party's activities in the proceedings determine whether the party has made a voluntary appearance. The Court held that the defendant in that case had not voluntarily appeared, and, therefore, the judgment against him was voidable since the trial court had no personal jurisdiction over him.

The question of the terminology of void and voidable judgments was also addressed in *Tidwell v. Tidwell*, 604 S.W.2d 540, 542 (Tex.Civ.App.—Texarkana 1980, no writ) where Justice Ray, writing for the Court, observed:

The courts of this State have used the words void and voidable rather loosely on occasions. A judgment is *void* if the court rendering the judgment did not have jurisdiction over the subject matter, that is, the court did not have the power to hear and determine cases of the general class to which the particular one belongs. For example, a county court cannot grant a divorce and such judgment would therefore be void as distinguished from voidable because the court would be utterly without power to render an effective judgment on the merits of the controversy. Such a judgment may generally be directly attacked through appeal or writ of error. Such void judgment may also be attacked collaterally by a suit to set aside the judgment after it has become final or in a separate proceeding such as a trespass to try title lawsuit if such void judgment becomes material.

A voidable judgment is one in which the trial court has jurisdiction of the subject matter, but fails to gain effective jurisdiction over the defendant. Into this category will fall those cases in which a default judgment has been asserted to be void for want of service, or of valid service, of process. In those cases, when the judgment has become final and the time has elapsed for the filing of an appeal or an appeal by writ of error, the judgment can only be set aside by bill of review timely filed. Rule 329b, Tex.R. Civ.P.; *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706 (1961); *Deen v. Kirk*, 508 S.W.2d 70 (Tex.1974).

Chief Justice Calvert also addressed this problem in *McEwen v. Harrison*, 162 Tex.

125, 345 S.W.2d 706 (1961). In that case, a default judgment was taken against Texaco, Inc. The record failed to show proper service of citation or appearance by Texaco. After the time for filing a motion for new trial, or perfecting appeal from the judgment, had expired, Texaco filed a motion to vacate the judgment, which was granted by the trial court. After an extensive discussion of the history of Tex.R. Civ.P. 329b relating to motions for new trial, and after reciting the portion of such rule now largely embodied in section (f) relating the loss by the trial court of control of the case after the expiration of the appropriate period of time, the Court held that the trial court lacked power to vacate the judgment.

Chief Justice Calvert's evaluation of the effect of the various alternatives available to litigants is instructive. At page 710, he states:

> Our construction of the Rule will give a diligent defendant with a meritorious defense every opportunity to protect himself against an unwarranted default judgment. If he is not served with citation and learns of the judgment within 30 days after its rendition, he may file a motion for new trial, which the court is at liberty to grant, and if his motion is overruled he may obtain relief by appeal. If he does not learn of the judgment within 30 days after its rendition but does learn of it within six months, and the invalidity of the judgment is disclosed by the papers on file in the case, he may obtain relief by prosecuting writ of error to a Court of Civil Appeals. [Citations omitted.]

> If the judgment is one which the court had jurisdictional power to render but it is invalid, he may obtain relief by bill of review as provided in Rule 329–b whether the invalidity is or is not disclosed by the papers on file in the case. Only if a court had no jurisdictional power to render the judgment should a negligent defendant or one with no meritorious defense to the suit be able to relieve himself of the burdens and consequences of a default judgment.

It seems consistent with Chief Justice Calvert's reasoning that if service is not perfected and defendant learns of the judgment within the time for filing a motion for new trial, and files such a motion, the trial court should be given the opportunity to consider the defect in service and the facts surrounding same. In this connection, it is reasonable to interpret Tex.R.Civ.P. 324(b)(1) more broadly than the majority and require that a complaint of no service or defective service be raised in the motion for new trial as a prerequisite of appeal. The language quoted by the majority from *Browning v. Placke*, 698 S.W.2d 362 (Tex. 1985), an original mandamus proceeding, was not necessary for the holding in that case. The limited holding was simply that the failure to join "indispensable" parties in a lawsuit does not render a judgment void, as to the parties properly before the Court.

I would hold the judgment against appellant was voidable only and that appellant either accepted service or waived same by its statements in its motion for new trial; overrule point of error number one; and proceed to consider appellant's remaining points of error.

SEERDEN, Justice, dissenting on appellee's motion for rehearing.

I would grant the motion for rehearing. In addition to the cases mentioned in my dissent of January 22, 1987, attention is called to the reasoning in *First National Bank v. Peterson*, 709 S.W.2d 276 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). At page 280, the Court rejected the contention that service of a Writ of Garnishment was defective. The Court stated that in its original brief, appellant admitted service of the writ and this constituted a judicial admission. This is strikingly similar to our case.

For this reason, as well as those set out in my original dissent, I would hold the judgment voidable only.