

# NUMBER 13-19-00585-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

ONTARIO PRODUCE, LLC FORMERLY
KNOWN AS PROGRESO PARTNERS,
LLC D/B/A ONTARIO PRODUCE
COMPANY, DAVID M. MELINA, AND
WILLIAM LOCANTRO,                                          Appellants,

v.

JAMES THOMAS WHITLOCK,                                          Appellee.

---

**On appeal from the 92nd District Court
of Hidalgo County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina
Memorandum Opinion by Chief Justice Contreras**

Appellants David M. Melina, William Locantro, and Ontario Produce, LLC formerly

known as Progreso Partners, LLC d/b/a Ontario Produce Company (Ontario) appeal a no

answer default judgment in favor of appellee James Thomas Whitlock. By four issues that we have relabeled, appellants argue (1 and 2) the trial court lacked personal jurisdiction over Melina, Locantro, and Ontario; (3) the trial court erred in overruling appellants' motion for new trial; and (4) there was factually and legally insufficient evidence supporting the damages award. Because we conclude the trial court lacked personal jurisdiction over Locantro and Melina at the time it rendered the default judgment, we reverse in part as to them, affirm in part the remainder of the judgment, and remand for further proceedings.

## I. BACKGROUND

In his petition, Whitlock alleged that, around "March of 2014[, Louis William] Musso approached Whitlock on behalf of himself and [appellants], requesting that Whitlock personally loan [Ontario] a sum of money allegedly for the purpose of assisting the produce operations of the company and to enhance its profitability during the approaching onion harvest in the spring of 2014." Melina, Locantro, and Musso are "and/or" were shareholders, owners, officers, directors, "and/or" principals of Ontario, according to Whitlock. Whitlock alleged he loaned Ontario $100,000 and that Ontario failed to pay $92,750 of the $106,000 it agreed to pay in return.

Whitlock sued Ontario, Musso, Melina, and Locantro and asserted causes of action for breach of fiduciary duty, defalcation, common law fraud, fraud by nondisclosure, breach of contract, promissory estoppel, and money had and received. Whitlock stated in his petition that all four defendants were nonresidents of Texas, and he served notice of the suit on all defendants through the Texas Secretary of State.

2

None of the defendants filed an answer, and Whitlock moved for a default judgment. After a hearing, the trial court signed a judgment awarding Whitlock $92,750 in actual damages and $463,750 in punitive damages plus prejudgment interest and attorney's fees. Appellants filed a motion for new trial; Whitlock opposed. After a hearing, appellants' motion was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c). This appeal followed.[1]

## II. LOCANTRO & MELINA

By their first issue, appellants argue the trial court lacked personal jurisdiction over Locantro and Melina because Whitlock did not plead requisite facts in his petition to authorize substituted service on the Texas Secretary of State pursuant to the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 17.041–.045.

### A. Standard of Review

Whether a trial court has personal jurisdiction over a nonresident defendant is a question of law which we review de novo. *Bautista v. Trinidad Drilling Ltd.*, 484 S.W.3d 491, 497 (Tex. App.—Houston [1st Dist.] 2016, no pet.); *see In re T.J.T.*, 486 S.W.3d 675, 679 (Tex. App.—Texarkana 2016, no pet.).

### B. Applicable Law

In a direct appeal of a default judgment in which personal jurisdiction is based on substituted service of process, such as here, jurisdiction must affirmatively appear on the face of the record at the time the default judgment was rendered. *See Wilson v. Dunn*, 800 S.W.2d 833, 836–37 (Tex. 1990) ("Unless the record affirmatively shows, at the time the default judgment is entered, either an appearance by the defendant, proper service

---

[1] Musso has not appealed the trial court's judgment.

3

of citation on the defendant, or a written memorandum of waiver, the trial court does not have in personam jurisdiction to enter the default judgment against the defendant."); *Marrot Commc'ns, Inc. v. Town & Country P'ship*, 227 S.W.3d 372, 378–79 (Tex. App.—Houston [1st Dist.] 2007, pet. denied); *Am. Universal Ins. v. D.B. & B., Inc.*, 725 S.W.2d 764, 766 (Tex. App.—Corpus Christi–Edinburg 1987, writ ref'd n.r.e.); *see also Wachovia Bank of Del., N.A. v. Gilliam*, 215 S.W.3d 848, 849–50 (Tex. 2007) (per curiam) ("[F]or a default judgment to survive a restricted appeal, the face of the record must show that the forwarding address is the one required by statute."). This requires that (1) the pleadings allege facts which, if true, make the defendant "amenable to process" by use of the Texas long-arm statute; and (2) the record contains proof that the defendant was, in fact, served in the manner the statute requires. *Lozano v. Hayes Wheels Int'l, Inc.*, 933 S.W.2d 245, 247 (Tex. App.—Corpus Christi–Edinburg 1996, no writ) (citing *Capitol Brick, Inc. v. Fleming Mfg. Co.*, 722 S.W.2d 399, 401 (Tex. 1986)); *see also Zuyus v. No'Mis Commc'ns, Inc.*, 930 S.W.2d 743, 746 (Tex. App.—Corpus Christi–Edinburg 1996, no writ). A plaintiff must strictly comply with the statutory requirements. *See Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam) (noting that "[t]here are no presumptions in favor of valid issuance, service, and return of citation"); *World Distribs., Inc. v. Knox*, 968 S.W.2d 474, 477 (Tex. App.—El Paso 1998, no pet.) ("In order to sustain a default judgment which is under direct attack, it is essential that there be strict compliance with the rules relating to the issuance of citation, the manner and mode of service, and the return of process."); *see also Medtek Lighting Corp. v. Jackson*, No. 05-04-00335-CV, 2005 WL 2002159, at *2 (Tex. App.—Dallas Aug. 22, 2005, pet. denied) (mem. op.) ("A default judgment entered following substituted service [on the secretary of

state] is improper against a defendant who has not been served in strict compliance with the rules relating to service of citation, even if the defendant had actual notice of the lawsuit.").

Sections 17.044 and 17.045 of the civil practice and remedies code govern substituted service of process on the secretary of state for certain nonresidents. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 17.044, 17.045. A "nonresident" includes (1) an individual who is not a resident of this state; and (2) a foreign corporation, joint-stock company, association, or partnership. *Id.* § 17.041. Section 17.044, in relevant part, provides:

> (a) The secretary of state is an agent for service of process or complaint on a nonresident who:
>
>> (1) is required by statute to designate or maintain a resident agent or engages in business in this state, but has not designated or maintained a resident agent for service of process;
>> . . . .
>
> (b) The secretary of state is an agent for service of process on a nonresident who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process, in any proceeding that arises out of the business done in this state and to which the nonresident is a party.

*Id.* § 17.044(a)(1), (b). Moreover,

> If the secretary of state is served with duplicate copies of process for a nonresident, the document shall contain a statement of the name and address of the nonresident's home or home office and the secretary of state shall immediately mail a copy of the process to the nonresident at the address provided.

*Id.* § 17.045(a).

5

**B. Analysis**

Appellants argue the trial court lacked personal jurisdiction over Locantro and Melina because Whitlock did not allege that the addresses used to serve Locantro and Melina were their respective "home or home office."[2] *See id.* We agree.

Here, Whitlock's petition does not state what Locantro's or Melina's home or home office address is or that they are to be served at their home or home office by the secretary of state.[3] Likewise, neither the citations nor the certificates of service attached to Whitlock's motion for default judgment state that the addresses provided for either Locantro or Melina are their respective home or home office. *See Gilliam*, 215 S.W.3d at 850; *MobileVision Imaging Servs., L.L.C. v. Lifecare Hosps. of N. Tex., L.P.*, 260 S.W.3d 561, 566–67 (Tex. App.—Dallas 2008, no pet.); *see also Healey v. Healey*, No. 12-15-00047-CV, 2016 WL 4098750, at *2–3 (Tex. App.—Tyle June 29, 2016, pet. denied) (mem. op. on reh'g). Because Whitlock failed to plead that service of process was to be sent to Locantro's or Melina's home or home office and because there was nothing in the record before the trial court at the time it rendered judgment indicating that Locantro and Melina were in fact served at their "home or home office" as mandated by statute, Whitlock failed to strictly abide by the statutory requirements. *See Gilliam*, 215 S.W.3d at 850–51; *Seely v. KCI USA, Inc.*, 100 S.W.3d 276, 279 (Tex. App.—San Antonio 2000, no pet.); *Whiskeman v. Lama*, 847 S.W.2d 327, 329 (Tex. App.—El Paso 1993, no writ); *see, e.g.*, *Boreham v. Hartsell*, 826 S.W.2d 193, 197 (Tex. App.—Dallas 1992, no writ) ("Because Hartsell did not allege the address he provided to the Secretary of State for service upon

---

[2] Appellants do not present this argument in regards to Ontario.

[3] The petition states, as to each Molina and Locantro, that "service may be made on this Defendant by serving the Secretary of State with instructions for that office to forward the process to Defendant."

6

Boreham was either Boreham's *home* or *home office* address, he did not strictly comply with the statutory requirements of service under the Texas Long-Arm Statute."). As such, service was invalid, the trial court did not have personal jurisdiction over Locantro or Melina, and the judgment against them is void. *See Gilliam*, 215 S.W.3d at 850–51; *Lozano*, 933 S.W.2d at 247–48; *Boreham*, 826 S.W.2d at 195–97; *Onnela v. Medina*, 785 S.W.2d 423, 425 (Tex. App.—Corpus Christi–Edinburg 1990, no writ).[4]

In arguing the trial court had personal jurisdiction over Locantro and Melina, Whitlock points to a copy of his attorney's correspondence with the secretary of state requesting that the citations be forwarded to "the home of [sic] home office of the Defendants." The correspondence provides addresses for each appellant, and Whitlock's attorney submitted an affidavit attesting that "I provided the Secretary of State with the last known address for each of the Defendants in this case. A true copy of my correspondence dated April 10, 2018 with the Secretary of State is attached . . . ." However, this correspondence was attached to Whitlock's "Objections to [Appellants'] Evidence in Support of [Appellants'] Motion for New Trial," which was filed after the trial court rendered the default judgment.

As noted, for a trial court to render a valid default judgment, the record must affirmatively show, *at the time the default judgment is entered*, either an appearance by the defendant, proper service of citation on the defendant, or a written memorandum of waiver. *Marrot Commc'ns*, 227 S.W.3d at 378–79; *Am. Universal Ins.*, 725 S.W.2d at 766. Here, the correspondence from Whitlock's attorney was not submitted into the record until

---

[4] We note that Whitlock filed certificates of "last known address" for both Locantro and Melina; however, a certificate of a last known address is not sufficient. *See Onnela v. Medina*, 785 S.W.2d 423, 425 (Tex. App.—Corpus Christi–Edinburg 1990, no writ); *see also Norwood v. Hudson's Grill Int'l, Inc.*, No. 07-99-00164-CV, 2002 WL 31322628, at *1 (Tex. App.—Amarillo Oct. 17, 2002, no pet.) (mem. op.).

after the trial court rendered the default judgment. As such, we reject this argument. *See Am. Universal Ins.*, 725 S.W.2d at 766; *see, e.g.*, *Seely*, 100 S.W.3d at 279; *Whiskeman*, 847 S.W.2d at 329; *Boreham*, 826 S.W.2d at 196–97.

Whitlock also argues that Locantro and Melina waived their complaints to the defects in service and to the trial court's lack of personal jurisdiction because they did not make a special appearance prior to seeking a new trial. Whitlock's argument is misplaced.

A trial court's jurisdiction is dependent upon citation issued and served in a manner provided by law. *Wilson*, 800 S.W.2d at 836; *Marrot Commc'ns*, 227 S.W.3d at 379. If citation is not properly served, then the trial court does not have personal jurisdiction to enter a default judgment against a defendant. *Marrot Commc'ns*, 227 S.W.3d at 378; *Phillips v. Dallas Cty. Child Protective Servs. Unit*, 197 S.W.3d 862, 865 (Tex. App.—Dallas 2006, pet. denied).

Under Texas Rule of Civil Procedure 120a, a special appearance properly entered enables a non-resident defendant to challenge personal jurisdiction in a Texas court. TEX. R. CIV. P. 120a; *see Milacron, Inc. v. Performance Rail Tie, L.P.*, 262 S.W.3d 872, 876 (Tex. App.—Texarkana 2008, no pet.) ("Rule 120a requires that the specially appearing defendant timely request a hearing, specifically bring that request to the trial court's attention, and secure a ruling on the preliminary question of personal jurisdiction."). If a party makes a general appearance before making a special appearance, then any complaints about the trial court's personal jurisdiction, including defects in service, are waived. *See Boyd v. Kobierowski*, 283 S.W.3d 19, 21 (Tex. App.—San Antonio 2009, no pet.); *Phillips*, 197 S.W.3d at 865; *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985) ("[T]he personal jurisdiction requirement is a waivable right."). A

8

motion for new trial is a general appearance. *See Exito Elecs. Co., Ltd. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004) (per curiam); *see, e.g.*, *Grynberg v. M-I L.L.C.*, 398 S.W.3d 864, 879–80 (Tex. App.—Corpus Christi–Edinburg 2012, pet. denied) ("[W]e conclude that the filing of Jack's motion for new trial constituted a general appearance.").

Contrary to Whitlock's argument, however, defects in service are challenged by a motion to quash, a motion for new trial, or on appeal, not a special appearance. *See Wilson*, 800 S.W.2d at 837 (noting that defective service can be raised for the first time on appeal); *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 202–03 (Tex. 1985) (per curiam) ("We hold that defective jurisdictional allegations in the petition, defective service of process, and defects in the citation must be challenged by a motion to quash, not a special appearance."); *In re Vlasak*, 141 S.W.3d 233, 237 (Tex. App.—San Antonio 2004, orig. proceeding) ("[A] defendant who challenges a default judgment on the basis of defective service must do so by motion for new trial, or if the trial court's plenary power has expired, by bill of review."). Again, our analysis looks at the record at the time the default judgment is entered. *See Marrot Commc'ns*, 227 S.W.3d at 378–79; *Am. Universal Ins.*, 725 S.W.2d at 766.

Here, the trial court entered a default judgment against Locantro and Melina before they made an appearance in the case. As previously concluded, the trial court did not have personal jurisdiction over them at the time it rendered judgment due to defects in service. After the trial court entered the default judgment, appellants filed a motion for new trial and did not challenge the trial court's personal jurisdiction over them via a special appearance. Because the motion for new trial was made after the trial court rendered the default judgment, the motion did not waive the defects in service regarding the default

9

judgment. *See Marrot Commc'ns*, 227 S.W.3d at 378–79; *Am. Universal Ins.*, 725 S.W.2d at 766; *see also In re Vlasak*, 141 S.W.3d at 237–38 ("[T]he trial court can render a final judgment even if it lacks personal jurisdiction—the judgment is void if challenged, but it is no less final."). We reject Whitlock's arguments that Locantro and Melina waived their complaints regarding defects in service. *See Wilson*, 800 S.W.2d at 836; *Marrot Commc'ns*, 227 S.W.3d at 379. Thus, the default judgment is void; however, having made a general appearance via their motion for new trial, Locantro and Melina can no longer challenge the trial court's personal jurisdiction over them on remand from this Court. *See Boyd*, 283 S.W.3d at 23–24; *Bloom v. Bloom*, 935 S.W.2d 942, 947 (Tex. App.—San Antonio 1996, no writ).

We sustain appellants' first issue.

### III.    ONTARIO

#### A.    Service of Citation

By their second issue, appellants argue the trial court did not have personal jurisdiction over Ontario. Specifically, appellants argue Ontario did not receive service of process because the secretary of state's certificate recited that the forwarded process was returned "Bearing the notation, Return to Sender, Not Deliverable as Addressed, Unable to Forward." Whitlock argues that receipt of service by the secretary of state was enough for the trial court to have jurisdiction over Ontario. We agree with Whitlock.

When applicable, the Texas long-arm statute provides that the secretary of state "is an agent for service of process or citation on a nonresident" and requires it to mail a copy of the process to the nonresident by registered mail or by certified mail, return receipt requested. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 17.044, 17.045(a), (d). For the trial

10

court to acquire personal jurisdiction over a defendant in such a case, the record must affirmatively show that the secretary of state forwarded a copy of the citation and attached petition to the defendant. *Orgoo, Inc. v. Rackspace US, Inc.*, 341 S.W.3d 34, 40–41 (Tex. App.—San Antonio 2011, no pet.) (concluding the trial court lacked jurisdiction when default judgment was rendered on an amended petition and the certificate from the secretary of state provided it forwarded plaintiff's original petition). Proof of service is typically satisfied by filing with the trial court a certificate of service from the secretary of state. *Capitol Brick, Inc.*, 722 S.W.2d at 401; *Ulusal v. Lentz Eng'g, L.C.*, 491 S.W.3d 910, 915 (Tex. App.—Houston [1st Dist.] 2016, no pet.), *abrogated on other grounds by Dudley Constr. Ltd. v. Act Pipe & Supply, Inc.*, 544 S.W.3d 532 (Tex. 2018).

Here, Whitlock filed a certificate indicating the secretary of state had received service for Ontario and forwarded it. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 17.044, 17.045(a), (d). However, the certificate states that service forwarded to Ontario was returned "Bearing the notation, Return to Sender, Not Deliverable as Addressed, Unable to Forward." Appellants argue this "is prima facie evidence that Ontario Produce did not receive process." We disagree.

When service on a statutory agent is allowed, such as the secretary of state here, the statutory agent *receives process on the defendant's behalf*.[5] *Campus Invests., Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004) (per curiam) ("When substituted service on a statutory agent is allowed, the designee is not an agent for *serving* but for *receiving* process on the defendant's behalf."); *see World Distribs.*, 968 S.W.2d at 479; *see also U.S. Bank Nat'l Ass'n as Tr. for Residential Asset Mortg. Prods., Inc., Mortg. Asset-*

---

[5] Appellants do not challenge that Ontario was amenable to substituted process through the secretary of state.

11

*Backed Pass-Through Certificates, Series 2005-EFC2 v. Moss*, No. 05-19-00223-CV, 2020 WL 2569912, at *7 (Tex. App.—Dallas May 21, 2020, pet. filed) (mem. op.); *SRMOF II 2012-1 Tr., Us. Bank Tr. Nat'l Ass'n. v. Alaimo*, No. 02-18-00336-CV, 2019 WL 3955198, at *7 (Tex. App.—Fort Worth Aug 22, 2019, pet. denied) (mem. op.). Thus, a certificate from the secretary of state like the one filed by Whitlock conclusively establishes that Ontario received process. *See, e.g.*, *Campus Invests.*, 144 S.W.3d at 466; *see also SRMOF II 2012-1*, 2019 WL 3955198, at *7. This is true even if the certificate states that the forwarded process was returned undelivered. *See, e.g.*, *Campus Invests.*, 144 S.W.3d at 466; *see also SRMOF II 2012-1*, 2019 WL 3955198, at *7. Therefore, we reject appellants' argument and conclude the trial court had jurisdiction over Ontario.

We overrule appellants' second issue.

## B.  Motion for New Trial

By their third issue, appellants argue the trial court erred when it denied their motion for new trial as to Ontario.[6]

### 1.  Standard of Review & Applicable Law

We review a trial court's decision to overrule a motion to set aside a default judgment and grant a new trial for abuse of discretion. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009) (per curiam); *see Anderson v. Anderson*, 282 S.W.3d 150, 152–53 (Tex. App.—El Paso 2009, no pet.). A trial court should set aside a default judgment and grant a new trial if: (1) the failure to appear was not intentional or the result of conscious indifference but rather was due to accident or mistake, (2) the defendant

---

[6] Because we have already concluded that the judgment must be reversed as to Locantro and Melina, we only consider appellants' third and fourth issues to the extent they concern Ontario.

12

sets up a meritorious defense, and (3) the granting of a new trial would not cause delay or otherwise injure the prevailing party. *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles. *Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011). It is an abuse of discretion to deny a motion for new trial when the defendant satisfies the *Craddock* test. *Old Republic Ins. v. Scott,* 873 S.W.2d 381, 382 (Tex. 1994) (per curiam).

## 2. Analysis

The second prong of the *Craddock* test requires Ontario to set up a meritorious defense. *See Lerma*, 288 S.W.3d at 927. A motion for new trial sets up a meritorious defense if in it the movant alleges facts which in law would constitute a defense to the plaintiff's claim and supports those facts by affidavits or other evidence providing prima facie proof that the defendant has such a defense. *Id.* at 928; *Liepelt v. Oliveira*, 818 S.W.2d 75, 77 (Tex. App.—Corpus Christi–Edinburg 1991, no writ). Stated differently, a meritorious defense is one that, if proven, would cause a different result on retrial of the case. *In re A.P.P.*, 74 S.W.3d 570, 574-75 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.).

In support of their motion for new trial, appellants submitted affidavits by Locantro and Melina; however, the affidavits only dispute the liability of Locantro and Melina individually and do not in any way assert a defense on behalf of Ontario. For example, both Locantro and Melina state in their affidavits that:

> Mr. Whitlock did not loan any money to me personally and I never requested that he loan any money to me personally. Any agreement Mr. Whitlock had for this loan to the Company was with the Company only. I did not enter any contractual agreement with Mr. Whitlock for the loan. I did not conspire with

13

anyone else in the Company to engage in any wrongdoing against Mr. Whitlock. Further, I did not receive any financial benefit or other personal gain as a result of Mr. Whitlock's loan. Mr. Whitlock fails to explain what personal benefit he claims that I received as a result of Mr. Whitlock's loan or provide any support for this allegation.

. . .

Importantly, Mr. Whitlock does not refer to any specific contract he claims was breached. Any contract that Mr. Whitlock had for the loan would have been with the Company. I did not enter into any contract with Mr. Whitlock for a loan. Mr. Whitlock did not loan me any money.

Appellants did not introduce any other affidavits or other evidence providing prima facie proof that Ontario had a meritorious defense. *See Novik v. Lendr, LLC*, 592 S.W.3d 907, 915 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *cf. Lerma*, 288 S.W.3d at 927–28; *Guaranty Bank v. Thompson*, 632 S.W.3d 338, 339–40 (Tex. 1982). Therefore, appellants' motion for new trial did not set up a meritorious defense for Ontario, and the trial court did not err when it denied the motion for new trial as to Ontario. *See Craddock*, 133 S.W.2d at 126.

We overrule appellant's third issue.

## C.      Evidence of Damages

By their fourth issue, appellants argue there was legally insufficient evidence to support the trial court's exemplary damages award.[7]

---

[7] Appellants state that the evidence is also factually insufficient; however, the two cases cited by appellants in support of their fourth issue do not address or speak to factual sufficiency, and appellants have not provided us with the appropriate standard of review or citations to authorities in support of this contention. As such, the factual sufficiency complaint has been waived on appeal. *See* TEX. R. APP. P. 38.1 (providing that "[t]he brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"). Furthermore, appellants do not challenge the trial court's award to Whitlock for actual damages or attorney's fees.

14

### 1. Applicable Law

Once a default judgment is taken on an unliquidated claim, all allegations of fact set forth in the petition are deemed admitted, except the amount of damages. *Holt Atherton Indus. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992); *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 732 (Tex. 1984). Thus, a court rendering a default judgment must hear evidence of unliquidated damages. TEX. R. CIV. P. 243; *Holt Atherton*, 835 S.W.2d at 83; *Argyle Mech., Inc. v. Unigus Steel, Inc.*, 156 S.W.3d 685, 688 (Tex. App.—Dallas 2005, no pet.). "Unliquidated damages" are damages that cannot be accurately calculated from (1) the factual allegations in the petition and (2) the written instruments attached to the petition. *Atwood v. B&R Supply & Equip. Co.*, 52 S.W.3d 265, 268 (Tex. App.—Corpus Christi–Edinburg 2001, no pet.); *see Paradigm Oil, Inc. v. Retamco Oper., Inc.*, 372 S.W.3d 177, 186 (Tex. 2012) (noting that unliquidated damages cannot be calculated exactly and involve a range of possible answers); *see, e.g., Fogel v. White*, 745 S.W.2d 444, 446 (Tex. App.—Houston [14th Dist.] 1988, orig. proceeding) (noting that because the outcome of a tort claim is uncertain, damages are unliquidated). Unliquidated damages include exemplary damages. *First Nat'l Bank of Irving v. Shockley*, 663 S.W.2d 685, 689 (Tex. App.—Corpus Christi–Edinburg 1983, no writ).

Exemplary damages may be awarded if the claimant proves by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary damages resulted from fraud, malice, or gross negligence. TEX. CIV. PRAC. & REM. CODE ANN. § 41.003. Furthermore, an exemplary damages award must be reasonably proportioned to actual damages. *Alamo Nat'l Bank v. Kraus*, 616 S.W.2d 908, 910 (Tex. 1981); *see Lubbock County v. Strube*, 953 S.W.2d 874, 860 (Tex. App.—Austin

1997, pet. denied). There is no set rule or ratio between the amount of actual and exemplary damages which will be considered reasonable; rather, this determination must depend on the facts of each particular case. *Kraus*, 616 S.W.2d at 910. Factors to consider in determining whether an award of exemplary damages is reasonable include (1) the nature of the wrong, (2) the character of the conduct involved, (3) the degree of culpability of the wrongdoer, (4) the situation and sensibilities of the parties concerned, (5) the extent to which such conduct offends a public sense of justice and propriety and (6) the net worth of the defendant. TEX. CIV. PRAC. & REM. CODE ANN. § 41.011(a); *see Kraus*, 616 S.W.2d at 910.

## 2. Standard of Review

In a legal sufficiency review, we consider the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005). We will sustain a legal sufficiency challenge if the record shows: (1) a complete absence of a vital fact; (2) rules of law or evidence bar the court from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact. *Id.* Conclusory evidence of damages is legally insufficient to support unliquidated damages in a default judgment. *See Lefton v. Griffith*, 136 S.W.3d 271, 276–79 (Tex. App.—San Antonio 2004, no pet.); *see also McCoy v. Waller Grp., LLC*, No. 05-10-01479-CV, 2012 WL 1470147, at *2 (Tex. App.—Dallas Apr. 26, 2012, no pet.) (mem. op.).

In reviewing the legal sufficiency of the evidence supporting a finding that, as here, must be proven by clear and convincing evidence, we must look at all the evidence in the

16

light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. *Diamond Shamrock Ref. Co. v. Hall*, 168 S.W.3d 164, 170 (Tex. 2005); *Citizens Nat'l Bank v. Allen Rae Invs., Inc.*, 142 S.W.3d 459, 483 (Tex. App.—Fort Worth 2004, no pet.) (op. on reh'g). Evidence that does more than raise surmise and suspicion will not suffice unless that evidence is capable of producing a firm belief or conviction that the allegation is true. *In re K.M.L.*, 443 S.W.3d 101, 113 (Tex. 2014). If no reasonable factfinder could form a firm belief or conviction that the matter to be proven is true, then the evidence is legally insufficient. *Id.*

### 3. Analysis

Appellants' issue regarding the legal sufficiency of the evidence to support exemplary damages is brief, provides little argument, and lacks substantive discussion and citations to authorities. In essence, appellants argue the evidence was legally insufficient because, though Whitlock requested that exemplary damages be five times the award of actual damages, he did not explain why he requested they be that amount. Appellants argue Whitlock "failed to provide support for this significant amount . . . as required under Texas law for the recovery of punitive damages" and cite only civil practice and remedies code § 41.003. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 41.003(a) (providing that "exemplary damages may be awarded only if the claimant proves by clear and convincing evidence that the harm [resulted] from" fraud, malice, or gross negligence).

To recover exemplary damages, Whitlock had to show: (1) that Ontario acted with fraud, malice, or gross negligence, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 41.003(a), (b); *see also Allstar Refinishing Collision Ctr., Inc. v. Villalobos*, No. 11-14-00193-CV,

17

2016 WL 4719062, at *1 (Tex. App.—Eastland July 29, 2016, pet. denied) (mem. op.) ("In [challenging the legal and factual sufficiency of the evidence supporting the jury's award of exemplary damages], Allstar is essentially challenging the evidence supporting the jury's 'malice' finding."); and (2) the amount of his actual damages. *See Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 732 (Tex. 1984); *see also Suarez v. Fernandez*, No. 05-18-00921-CV, 2019 WL 1922732, at *3 (Tex. App.—Dallas Apr. 30, 2019, no pet.) (mem. op.); *Copeland v. Cooper*, No. 05-13-00541-CV, 2015 WL 83307, at *3 (Tex. App.—Dallas Jan. 7, 2015, pet. denied) (mem. op.).

Here, Whitlock brought a cause of action for fraud. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 41.003; *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001) (orig. proceeding). The factual allegations in Whitlock's petition were deemed admitted as a result of Ontario's default, and Whitlock's testimony at the default judgment hearing shows that Whitlock lent his employer, Ontario, $100,000 based on the misrepresentation that Ontario would pay Whitlock back $106,000. *See Holt Atherton*, 835 S.W.2d at 83; *see also Rubalcaba v. Pacific/Atlantic Crop Exch., Inc.*, 952 S.W.2d 552, 556 (Tex. App.— El Paso 1997, no writ) (noting that exemplary damages can be awarded in a no-answer default judgment for fraud if all facts are properly pleaded); *Atripe v. Hughes*, 857 S.W.2d 82, 88 (Tex. App.—Corpus Christi–Edinburg 1993, writ denied) ("Intentional fraud committed for the purpose of injuring the plaintiff constitutes wanton and malicious conduct warranting an award of exemplary damages.").[8] There are allegations in Whitlock's petition and evidence presented at the hearing that, at the time the agreement was made, Ontario issued Whitlock eight checks for the repayment of the loan and that

---

[8] Appellants do not argue that Whitlock's factual statements in his petition were insufficient to establish fraud or malice.

18

they subsequently took affirmative actions to prevent him from cashing all but one of the checks, including issuing the bank a stop payment order and later closing the bank account. Whitlock stated in his petition that he trusted Ontario's representation that it would repay him because it was his employer, and that Ontario acted knowingly and intentionally in preventing Whitlock from receiving his repayment. *See Holt Atherton*, 835 S.W.2d at 83. As to his actual damages, Whitlock introduced the checks issued by Ontario and testified at the hearing that Ontario failed to pay him $92,750. *See Morgan*, 675 S.W.2d at 732.

Appellants do not challenge or discuss any of the facts just detailed, nor do they explain how these facts are insufficient to allow Whitlock to recover exemplary damages. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 41.003; *Holt Atherton*, 835 S.W.2d at 83; *Atripe*, 857 S.W.2d at 88. As such, we conclude that any challenge to the legal sufficiency of the evidence supporting an award of exemplary damages is waived. *See* TEX. R. APP. P. 38.1(i); *see, e.g.*, *Siddiqui v. Fancy Bites, LLC*, 504 S.W.3d 349, 377–78 (Tex. App.—Dallas 2014, pet. denied) (concluding that appellant waived challenge to exemplary damages when he only made conclusory assertions in his brief and provided no analysis explaining how the evidence presented to the fact finder did not meet the clear and convincing standard of review); *McCullough v. Scarbrough, Medlin & Assocs., Inc.*, 435 S.W.3d 871, 911–12 (Tex. App.—Dallas 2014, pet. denied) (same).

To the extent appellants complain that the amount awarded—five times the amount of actual damages—was excessive, we note that appellants have not cited any authority or provided any discussion addressing the evidence presented before the trial court and how to apply the factors provided by statute in making such a determination.

19

*See* TEX. CIV. PRAC. & REM. CODE ANN. § 41.011(a) (requiring the factfinder to consider, in determining the amount of exemplary damages, the nature of the wrong, the character of the conduct involved, the degree of culpability, the extent to which the conduct offends a public sense of justice and propriety, and the net worth of the defendant); *see also Kraus*, 616 S.W.2d at 910; *Strube*, 953 S.W.2d at 860. Thus, any such argument is also waived. *See* TEX. R. APP. P. 38.1(i).

We overrule appellants' fourth issue.

## IV. CONCLUSION

We reverse the judgment in part as to Locantro and Melina, affirm the remainder of the judgment, and remand for further proceedings.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
18th day of March, 2021.